Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Swiftwater Inn, Inc., Appellee.

142

Argued April 5, 1979, before Judges BLATT, DI-SALLE and MACPHAIL, sitting as a panel of three.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, for appellant.

*George Royle, IV,* with him *George W. Westervelt, Jr.,* and *Royle and Westervelt,* for appellee.

OPINION BY JUDGE BLATT, August 16, 1979:

This is an appeal from an order by the Court of Common Pleas of Monroe County which reversed the denial by the Pennsylvania Liquor Control Board (LCB) of the application by the Swiftwater Inn, Inc.

(Swiftwater) for an extension of its hotel liquor license.

Swiftwater presently holds a hotel liquor license and occupies one building containing a restaurant and sleeping rooms. It now seeks to extend its license to include another building located approximately 900 feet away, across a covered bridge. It plans to use this second building for the entertainment of hotel guests, but the building will not contain any sleeping accommodations. The LCB denied the application on the basis that the proposed building was not adjacent to or contiguous with the presently licensed premises. This order, however, was reversed by the court of common pleas and the LCB now appeals here.

The LCB argues that, inasmuch as Swiftwater's second building did not contain sleeping accommodations, it did not in itself qualify as a hotel and thus could not be the subject premises for the extension of a hotel liquor license. It argues, too, because this building was not adjacent to or contiguous with the presently licensed premises, it could not qualify Swiftwater for an extension of its present license.

The applicable LCB Regulations are:

§7.21   Inclusion of additional premises.

(a)   No licensee may conduct any business permitted by his license on any other premises, or any portion of the same premises other than that for which the license was issued, without the approval of the Board for the inclusion of such additional premises in the license, except that the Board may approve an extension of the licensed premises to include the following:

(1)   The abutting and adjacent sidewalk.

(2)   *The immediate, abutting, adjacent and contiguous vacant land.* (Emphasis supplied.)

40 Pa. Code §7.21.

§7.23 Approval.

> The *additional premises* for which it is desired to extend any license *shall be completely equipped for the carrying on of the type of business permitted under the license. . . .* Approval may be in the form of a new license . . . or a letter authorizing the use of the additional premises. (Emphasis supplied.)

40 Pa. Code §7.23.

The threshold issue is whether or not the LCB properly denied the application on the sole basis that the building was "not adjacent to or contiguous with the presently licensed premises." In the recent case of *Latrobe Country Club v. Pennsylvania Liquor Control Board*, 31 Pa. Commonwealth Ct. 265, 375 A.2d 1360 (1977), where the LCB had similarly denied an application for a license extension on the same grounds advanced here, this Court held that the "quarters" within which the holder of a "club" liquor license may sell liquor could be extended to other buildings situated at the same relative location as the originally licensed premises. In affirming the lower court's reversal of the LCB in *Latrobe Country Club, supra,* we interpreted the Liquor Code[1] as providing that "quarters" should be construed broadly enough to include more than one building and that the term "transfer to a new location" encompassed extensions of a license to other buildings in the same relative location. We also held that the LCB should carefully consider, not automatically foreclose, applications for reasonable extensions of licenses within specific geographical confines. We believe that the rationale in *Latrobe Country Club, supra,* is controlling here.

The LCB argues that the case at hand is to some degree distinguishable from *Latrobe Country Club,*

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, §1-101 et seq.

*supra,* because there we were required to construe the term "clubhouse," where as here we must construe the term "hotel." The LCB notes that the Superior Court held in *Longo Liquor License Case,* 183 Pa. Superior Ct. 504, 132 A.2d 899 (1957), that dining facilities and sleeping accommodations must be in the same building in order to qualify that building as a hotel.

The Liquor Code provides:

'Hotel' shall mean any reputable place operated by responsible persons of good reputation where the public may, for a consideration, obtain *sleeping accommodations and meals* and which, in a city, has at least ten, and in any other place at least six, permanent bedrooms for the use of guests, a public dining room or rooms operated by the same management accommodating at least thirty persons at one time, and a kitchen apart from the public dining room or rooms, in which food is regularly prepared for the public. (Emphasis supplied.)

47 P.S. §1-102.

The court below reasoned in the case at hand, however, that a deviation from the LCB's interpretation of this statutory provision was justified:

The present applicant seeks an extension of an already existing hotel liquor license rather than the issuance of a new one as in Longo. In Longo the applicants' desire for a liquor license was not intended primarily to serve the entertainment needs of their guests in the motel. Evidence in the present case clearly indicates that applicant's desire for the license extension derives primarily from their guests' entertainment needs. Physical expansion of the present licensed building would result in harm to what is recognized as a historical landmark. There

is no evidence that the building for which the proposed extension is applied will provide entertainment beyond the applicant's guests, hence this building may be necessarily deemed an extension of the originally licensed building.

We agree. We do not believe that the regulations or the law require that an additional *building* used in connection with a hotel license must contain sleeping accommodations of its own. This Court has previously defined "premises" as "a tract of land including its buildings." *Latrobe Country Club*, 31 Pa. Commonwealth Ct. at 271 n.2, 375 A.2d at 1362 n.2. The extension sought here was not for the licensing of additional premises but merely for the extension of the license to include another building included in the same premises for which Swiftwater already had a hotel license.

We will therefore affirm the court below.

Judge MacPhail dissents.

### Order

And Now, this 16th day of August, 1979, the order of the Court of Common Pleas of Monroe County is hereby affirmed.