In Re: Arturo V. Burigatto, trading as Vicker's Tavern.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued November 18, 1981, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*J. Leonard Langan,* Counsel, with him *James J. Fitzgerald, III,* Chief Counsel, for appellant.

*James Dunworth,* for appellee.

OPINION BY JUDGE MENCER, January 5, 1982:

Arturo V. Burigatto, trading as Vicker's Tavern (Burigatto) is the holder of a restaurant liquor li-

cense and conducts his licensed business in a building located in Uwchlan Township in Chester County, Pennsylvania. He filed an application with the Pennsylvania Liquor Control Board (Board) to extend his license to another building on the same plot where the present licensed building is located. The building to which the extension is sought is approximately 130 feet from the presently licensed building.

Following a denial by the Board of his application for an extension of his restaurant liquor license, Burigatto appealed to the Court of Common Pleas of Chester County which reversed the denial order of the Board and ordered Burigatto's application for extension of his restaurant license be granted. This appeal followed.

We affirm on the able opinion of President Judge MARRONE filed at No. 227 P. Misc. Term, 1980, Civil Action—Law, in the Court of Common Pleas of Chester County. We conclude, as did the lower court, that, although the instant application involves a restaurant liquor license, the matter is controlled by our holdings in *Pennsylvania Liquor Control Board v. Swiftwater Inn, Inc.*, 45 Pa. Commonwealth Ct. 141, 405 A.2d 583 (1979) (hotel license), and *Latrobe Country Club v. Pennsylvania Liquor Control Board*, 31 Pa. Commonwealth Ct. 265, 375 A.2d 1360 (1977) (club license).

Order affirmed.

### ORDER

AND Now, this 5th day of January, 1982, the order of the Court of Common Pleas of Chester County, dated November 17, 1980, granting application of Arturo V. Burigatto, trading as Vicker's Tavern, for extension of license No. R199883, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.