Ulana Ltd., Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued June 7, 1984, before Judges CRAIG, DOYLE and Senior Judge BLATT. Reargued September 10, 1984, before Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Harry A. Kalish,* with him, *John L. Heaton, Dilworth, Paxson, Kalish & Kauffman,* for appellant.

*Patrick M. McHugh,* Deputy Chief Counsel, with him, *Gary F. Di Vito,* Chief Counsel, for appellee.

*Cecelia F. Wambold, Duane, Morris & Heckscher,* for protestants.

OPINION BY JUDGE MACPHAIL, December 6, 1984:

Ulana, Ltd. (Ulana) appeals from an order of the Court of Common Pleas of Philadelphia County which denied an appeal from an order of the Pennsylvania Liquor Control Board (Board) refusing Ulana's application for the extension of its restaurant liquor license.

Ulana presently holds a restaurant liquor license issued for the premises located at 203-205 Bainbridge Street, Philadelphia, Pennsylvania. Ulana purchased an adjoining building at 624-626 South Second Street

and sought to extend its current license to include the newly purchased premises. Following two hearings,[1] the Board denied the extension application based on two findings of fact: 1) that other licensed premises were within 200 feet of the proposed licensed site and 2) that approval of the application would adversely affect the neighborhood within a 500 foot radius.

Ulana appealed the Board's decision to the court of common pleas. All of the interested parties stipulated that the record made before the hearing examiner with respect to the 200[2] and 500[3] foot rule would constitute the record before the court.[4] The trial court denied the appeal, and the present appeal followed.

Ulana presents three issues for our determination: 1) whether the Board erred as a matter of law by basing its decision on the 200 foot rule and the 500 foot rule; 2) whether the Board's review of the extension application violated Ulana's right of due process; and 3) whether the Board acted arbitrarily and capriciously by relying on a misleading list of protestants.

---

[1] Several protests were filed. After hearings on August 3, 1982, and October 19, 1982, the hearing examiner recommended that the extension be granted. On November 10, 1982, the Board refused Ulana's application for extension. The entire Board meeting was tape recorded and transcribed. Both the tape and transcript were admitted into evidence and considered by the court below.

[2] The examiner found as a fact that the proposed extension of the licensed premises is within 200 feet of other establishments licensed by the Board. This fact is nowhere disputed by Ulana.

[3] The examiner found as a fact that residents living within 500 feet of the proposed extension protested in opposition to the application. The examiner concluded, however, that if the application were granted, there would be no further encroachment on the character and quality of the neighborhood.

[4] Also by agreement of the parties, the hearing was restricted solely to the issue of whether one of the Board members had been biased against Ulana. The trial court held that the allegation of bias had not been established.

Our scope of review is limited to a determination of whether the Board's order is supported by sufficient evidence and whether the court below committed an error of law or abused its discretion. *Parks v. Pennsylvania Liquor Control Board,* 44 Pa. Commonwealth Ct. 87, 403 A.2d 628 (1979). A careful and thorough analysis of the record leads us to the conclusion that the Board's order is based upon sufficient evidence and that the trial court did not abuse its discretion or commit error of law in refusing to extend Ulana's license.

The Board relied upon the following findings of fact in denying Ulana's application for an extension:

1. The proposed extension of license is located within 200 feet of other establishments licensed by the Board.

2. The approval of this application would adversely affect the health, welfare, peace and morals of the neighborhood within a radius of 500 feet.

While Ulana has not disputed finding of fact 1, it did cross-examine witnesses but presented no evidence of its own before the hearing examiner with respect to finding of fact 2. Its legal position before the trial court and in this Court has been that neither the 200 nor the 500 foot provisions apply to extension applications generally, nor to this application specifically.

Section 404 of the Liquor Code (Code), Act of April 12, 1951 P.L. 90, *as amended,* 47 P.S. §4-404, provides in pertinent part:

Upon receipt of the application, . . . the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, and in the case of a club may, in its discretion, issue or refuse a license: Provided, however, That in the case of any new license or the transfer of

any license to a new location *the board may, in its discretion, grant or refuse such new license or transfer* if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground, or *if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board,* or if such new license or transfer is applied for a place where the principal business is the sale of liquid fuels and oil: And provided further, that *the board shall refuse any application for a new license or the transfer of any license to a new location if, in the board's opinion, such new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed* .... (Emphasis added.)

It will be observed that the Board has discretion to deny an application for a new license or transfer if the place proposed to be licensed is within 200 feet of any other licensed premises, but if the Board finds that such license or transfer would be detrimental to the neighborhood within a radius of 500 feet of the place proposed to be licensed, the Board is mandated to refuse the application. The record indicates that there are four licensed premises within 200 feet of the site proposed to be licensed by the instant application. We cannot say that the Board abused its discretion in denying the instant application based upon that finding. While it is not necessary for us to do so, we would hold that there is substantial evidence in the record to support the Board's finding with respect to the 500 foot provision; accordingly, its conclusion in that respect likewise must be sustained.

As we have noted, Ulana contends that the 200 and 500 foot provisions are not applicable to a liquor license extension case. Ulana points out that Section 404 only deals with the *issuance* and *transfer* of licenses.

There are three reported decisions of this Court where an extension of an existing license was the issue. In *Latrobe Country Club v. Pennsylvania Liquor Control Board*, 31 Pa. Commonwealth Ct. 265, 375 A. 2d 1360 (1977), the majority of this Court held that an extension was in effect a transfer to a new location. The Court agreed with the licensee's position that the language in Section 404 relating to transfers to a new location was "of sufficient breadth" to encompass extensions.

In *Pennsylvania Liquor Control Board v. Swiftwater Inn, Inc.*, 45 Pa. Commonwealth Ct. 141, 405 A. 2d 583 (1979), the majority of the Court considered an extension application in light of the Board's regulations. In that case, the licensee sought an extension of its license to include another building 900 feet away from but nevertheless a part of the premises already licensed. 40 Pa. Code, §7.21 provides in pertinent part:

> (a) No licensee may conduct any business permitted by his license on any other premises or any portion of the same premises other than that for which the license was issued without the approval of the Board for the inclusion of such additional premises in the license.
>
> (b) The Board may approve an extension of the licensed premises to include the following:
>
> . . . .
>
> (e) All extension applications filed under subsection (b) shall be accompanied by appropriate plans or surveys setting forth the metes

and bounds, the names of abutting streets, and a plotting of the principal licensed premises.

The Court did not mention Section 404 of the Code although it referred to and relied upon *Latrobe Country Club* in reaching its decision to reverse the Board, which had denied the licensee's request for an extension. The Court held that since the extension requested was not for the licensing of an additional premises but rather for another building on the same premises originally licensed, the Board improperly invoked its regulations to deny the application solely because another building was involved.

In *Darlene Bar, Inc. v. Pennsylvania Liquor Control Board,* 51 Pa. Commonwealth Ct. 274, 414 A.2d 721 (1980), the Board had denied an application for an extension on the grounds that a church was located within 300 feet of the licensed premises and that granting the license would have an adverse impact upon those living within a 500 foot radius of the premises. Both of those provisions, of course, are found in Section 404 of the Code. This Court affirmed a trial court's decision to affirm the Board's denial of an application for extension because the licensee presented no new facts to the trial court and there was not evidence of a clear abuse of the Board's discretion.

From the foregoing, we conclude that there is no specific statutory provision in the Code governing the extension of an existing license. The precedent in this Court is that the provisions of Section 404 are broad enough to include extensions. Board regulations also may be reviewed to determine whether or not an extension should be granted where the regulations are the basis upon which the Board grants or denies an application for an extension. Where the Board's action is not dependent upon its regulations, the statutory provisions of Section 404 must prevail.

In the instant case, as we have noted, the Board's decision was based upon Section 404. Since this Court specifically has held that extensions are within the purview of that statute, *Latrobe Country Club,* it follows that we must uphold the Board's decision unless we find abuse of the Board's discretion. As we have previously stated, we find no such abuse and affirm the trial court's conclusion in that respect.

The remaining two issues presented to us by Ulana will be discussed briefly, although unnecessary to the disposition of the case in view of our resolution of the first issue. Even if the Board's review processes were infirm or if one of the Board's members was guilty of impropriety, a contention the trial court found to be unsupported by the record, the uncontroverted evidence of the presence of four licensees within 200 feet of the premises proposed to be included by the extension would, in and of itself, be sufficient basis for the Board to act as it did. This Court, moreover, concludes upon its independent review of the record that the trial court was correct in its conclusion that Ulana had failed to meet its burden of proving impropriety on the part of Board member Mele. We also are satisfied that the Board's process for determining the action it will take on an application is not constitutionally infirm, especially where a de novo hearing is provided wherein a disappointed applicant may have its case independently determined by a court of law. Section 464 of the Code, 47 P.S. §4-464. Regarding the list of protestants, if only one resident affected by the proposed extension had protested, there would be sufficient grounds for the Board to conduct a hearing and dispose of the protest. Additionally, whether or not there were *any protests,* the Board could properly exercise its discretion to deny the instant application.

 353

Order affirmed.

## ORDER

The order of the Court of Common Pleas of Philadelphia County No. 8211-2565, dated July 26, 1983 is hereby affirmed.

Judge COLINS did not participate in the decision in this case.