566 A.2d 362

**PENNSYLVANIA LIQUOR CONTROL BOARD, Appellant,**

v.

**Thomas SHERMAN and Louise Bulka, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1989.

Decided Nov. 17, 1989.

Reargument Denied Jan. 30, 1990.

524

Leonard R. Omolecki, Jr., Asst. Counsel, with him, Cheryl G. Young, Chief Counsel, Harrisburg, for appellant.

J. Douglas Wolfe, Johnstown, for appellees.

Before COLINS and McGINLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Pennsylvania Liquor Control Board (PLCB) is appealing an order from the Cambria County Court of Common Pleas, which vacated its order requiring Thomas H. Sherman (Sherman) to divest his interest in liquor license R–12992. We affirm.

The facts as found by the trial court are as follows. The PLCB ordered Sherman to divest himself of his interest in the liquor license for a combination bar/restaurant known as The Haven on April 16, 1987. A PLCB hearing officer heard Sherman's appeal from the divestiture order on July 9, 1987.

The PLCB affirmed its earlier order on September 16, 1987 and directed Sherman to divest his interest in the

license within thirty (30) days. Petitioner filed an appeal with the trial court on October 5, 1987.

The PLCB requested that the appeal be transferred to this Court, on the basis of its January 25, 1988 motion wherein it alleged that the trial court did not have jurisdiction to hear the appeal. On August 23, 1988, the trial court held a hearing on the motion. The trial court dismissed the PLCB's motion to transfer on August 29, 1988. It also directed that a hearing *de novo* on Sherman's appeal be held before it on September 14, 1988.

In vacating the PLCB's divestiture order, the trial court based its opinion on the best evidence rule and the scope of review contained in the case of *Adair v. Pennsylvania Liquor Control Board,* 519 Pa. 103, 546 A.2d 19 (1988). First, the trial court found that the PLCB factually failed to prove its case because the Centre County records concerning poolselling and bookmaking charges against Sherman were never presented before the trial court at the hearing *de novo.* Secondly, the trial court stated that even if the written evidence of those charges had been presented before it, Sherman's appeal would still have been granted.

There are two issues before this Court.[1] The first is whether the trial court had jurisdiction to hear Sherman's appeal from the PLCB's divestiture order.[2] The second is whether the trial court made its decision utilizing the proper scope of review.

1. In addressing these issues, we note that our scope of review is limited to determining whether the PLCB's order was supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Ulana, Ltd. v. Pennsylvania Liquor Control Board,* 86 Pa.Commonwealth Ct. 345, 484 A.2d 859 (1984).

2. The PLCB's power to order divestiture has evolved from caselaw because courts have been confronted with situations where it was improper to revoke the license on the basis of one partner's or one corporate officer's unlawful activities, unrelated to liquor, alcohol or malt or brewed beverages. *See Pennsylvania Liquor Control Board v. Pollock,* 86 Pa.Commonwealth Ct. 168, 484 A.2d 206 (1984); *Primo's Bar, Inc. Liquor License Case,* 48 Pa.Commonwealth Ct. 188, 409 A.2d 1369 (1979); *Price Bar, Inc. Liquor License Case,* 203 Pa.Superior Ct. 481, 201 A.2d 221 (1964).

The PLCB contends that (1) the trial court had no jurisdiction to hear the appeal because the Liquor Code[3] is silent on divestiture orders and the appeal would therefore be governed by Section 702 of the Administrative Agency Law[4] and (2) the trial court committed an error of law and abused its discretion when it held that divestiture was governed by the *Adair* case.

Sherman argues to the contrary that (1) the trial court had jurisdiction because this case does not fall under an enumerated exception in the Liquor Code and (2) the trial court did not commit an error of law or abuse its discretion because the *Adair* standard applies.

Section 702 of the Administrative Agency Law provides that all appeals from government agencies shall be to the Commonwealth Court except as set forth in Section 933 of the Judicial Code[5]. Section 933 contains the provision that appeals from PLCB determinations shall be made to the trial courts, except for appeals under Sections 433, 444 or 710 of the Liquor Code,[6] which shall be heard by this Court.

An appeal from a divestiture order does not fall under any of these three sections. Section 433 of the Liquor Code governs public service licenses; Section 444 addresses malt or brewed beverages manufactured outside the Commonwealth; and Section 710 concerns permit hearings and appeals from the PLCB's refusal to issue or renew permits.

 Except in those three limited instances, the trial courts have jurisdiction to hear appeals from PLCB orders. Just because the Legislature does not mention appeals from divestiture orders specifically in the Liquor Code, does not mean that Sherman should have appealed from the PLCB's order under the Administrative Agency Law. In fact, the Legislature in Section 701(b)(2) of the Administrative Agency Law states that appeals which may be taken initially to

3. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101—8–803.
4. 2 Pa.C.S. § 702.
5. 42 Pa.C.S. § 933.
6. 47 P.S. §§ 4–433, 4–444 and 7–710.

trial courts under Section 933 of the Judicial Code are excluded under the Administrative Agency Law. *See In re Family Style Restaurant, Inc.*, 503 Pa. 109, 468 A.2d 1088 (1983). Therefore, because none of the three exceptions exist where this Court would have jurisdiction, the trial court was the proper forum. The statute delineating the exceptions is very specific, and therefore this Court will not assume jurisdiction absent a contrary decision from the Legislature.

■ Secondly, the PLCB contends that if we find that the trial court properly assumed jurisdiction, then Section 704 of the Administrative Agency Law contains the correct scope of review, rather than that found in the *Adair* case. However, we have already held that the Administrative Agency Law is inapplicable here. Even though the PLCB avers in its brief that a divestiture order is not an enforcement matter affecting a license, but instead a matter the purpose of which is to remove an errant party who negatively impacts upon the license, the practical impact of a divestiture order is in the nature of an enforcement. As a penalty, the offending party is relieved of his interest in the license. Therefore, we find that divestiture constitutes an enforcement action under Section 471 of the Liquor Code.[7]

In the *Adair* case, the Pennsylvania Supreme Court held that when an appeal is taken from a PLCB decision pursuant to Section 471 of the Liquor Code,

[t]he lower court is to conduct a *de novo* review, and in the exercise of its statutory discretion, make findings and conclusions. Based upon its *de novo* review, the lower court may sustain, alter, change or modify the penalty imposed by the Board. To be sure, the authority to alter, change modify or amend a Board imposed penalty may be exercised by the trial court whether or not it makes findings which are materially different from those found by the Board.

7. 47 P.S. § 4-471.

*Adair* at 115, 546 A.2d at 25. Based on the *Adair* case, we find that the trial court had the authority to impose a penalty as it deemed justified based on its findings and conclusions. Therefore, because divestitures are a form of penalty, appeals from the same are governed by the *Adair* case.

For these reasons, we affirm the trial court's order.

## ORDER

AND NOW, this 17th day of November, 1989, the order of the Cambria County Court of Common Pleas in the above-captioned matter is hereby affirmed.