604 A.2d 1152

**Benjamin T. & Janet M. ROBERTS t/a The Benezette Store Restaurant, Appellants,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LIQUOR CONTROL BOARD, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1991.

Decided Feb. 27, 1992.

Patrick M. McHugh, for appellants.

Leonard R. Omolecki, Jr., Asst. Counsel, for appellee.

Vernon D. Roof, for intervenors.

Before SMITH and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Benjamin T. and Janet M. Roberts (the "Roberts") appeal a decision of the Court of Common Pleas of Elk County (trial court) affirming the Pennsylvania Liquor Control Board's (Board's) denial of the Roberts' application for a new hotel liquor license, No. H-5530. We affirm.

The background of this case is as follows. The Roberts filed an application with the Board for a license on April 3, 1990. The Board held a hearing with regard to that application on September 19, 1990. Thereafter, the Board issued an opinion and order on November 5, 1990, wherein it denied the Roberts' application and noted the following objections to granting the application:

1. Any sale of liquor at the proposed location would violate Section 404 of the Liquor Code (Code),[1] which prohibits the sale of liquid fuels and oil at the same location as liquor.[2]

2. Two public thoroughfares separate the guest rooms from the building containing the serving areas and kitchens.

3. The Roberts failed to verify the source of the proposed funds to be used for the conversion of the frame house to guest rooms.

4. The Roberts' bond expired on July 31, 1990.

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4-404.

[2] The Roberts no longer challenge this objection to their application for a liquor license. If the Board would ever approve their application and give them six months in which to complete renovations, they would close, remove and cease to operate the gasoline pumps. Thus, the first objection is moot.

The trial court affirmed the Board's denial on the basis of the first and second objections. As for the second objection, the trial court, citing *Longo Liquor License Case*, 183 Pa.Superior Ct. 504, 132 A.2d 899 (1957), stated that the guest rooms and dining facilities must be located in the same building. Even though it affirmed the Board's denial, the trial court disagreed with the Board's third and fourth objections.

■ Only one issue is presented for our review: whether the trial court erred in affirming the Board's denial of the Roberts' application for a new hotel liquor license on the basis of two public thoroughfares separating the dining facilities from the guest rooms. Our scope of review here is limited to determining whether the trial court committed an error of law or abused its discretion. *Cross Country Entertainment, Inc. v. Commonwealth*, 101 Pa.Commonwealth Ct. 98, 515 A.2d 997 (1986).

Section 404 of the Code addresses the criteria for the granting of a new hotel liquor license:

Upon receipt of the application, the proper fees and bond, and upon being satisfied of the truth of the statements in the application ... and that the applicant is a person of good repute, *that the premises applied for meet all the requirements of this act and the regulations of the board,* that the applicant seeks a license for a hotel, restaurant or club, as defined in this act,[3] and that the issuance of such license is not prohibited by any of the provisions of this act, the board shall, in the case of a

3. Under Section 102 of the Code, 47 P.S. § 1–102, hotel is defined as follows:

'Hotel' shall mean any reputable place operated by responsible persons of good reputation where the public may, for a consideration, obtain sleeping accommodations and meals and which, in a city, has at least ten, and in any other place at least six, permanent bedrooms for the use of guests, a public dining room or rooms operated by the same management accommodating at least thirty persons at one time, and a kitchen, apart from the public dining room or rooms, in which food is regularly prepared for the public.

hotel or restaurant, grant and issue to the applicant a liquor license....

47 P.S. § 4-404 (emphasis and footnote added).

■ Here, the Board maintains that one of the requirements that must be satisfied for a new hotel liquor license is the absence of a public thoroughfare separating the dining facilities from the guest rooms. Although the Board acknowledges that there is no specific provision in the Code which clearly mandates either granting or denying a new hotel liquor license in that situation, the Board cites Section 406.1 of the Code, 47 P.S. § 4-406.1,[4] in support of justifying license denial due to the presence of public thoroughfares. The pertinent part of Section 406.1 reads as follows:

Upon application of any restaurant, *hotel*, club, any stadium ... or municipal golf course liquor licensee, and payment of the appropriate fee, the board may approve a secondary service area by extending the licensed premises.... Such secondary service area must be located on property having a minimum area of one (1) acre, and *must be on land which is immediate, abutting, adjacent or contiguous to the licensed premises with no intervening public thoroughfare....*

47 P.S. § 4-406.1 (emphasis added).[5]

The Board contends that if an application for an extension of a secondary service may not be granted where a public thoroughfare intervenes between the licensed premises and the premises sought to be licensed, then neither should an

4. Added by Section 3 of the Act of December 17, 1982, P.L. 1390, *as amended.*

5. The Roberts argue that the legislative record indicates that Section 406.1 of the Code was intended to accommodate a new class of golf course liquor licenses only. This section, however, by its terms, encompasses applications "of any restaurant, hotel, club, any stadium ... or municipal golf course liquor licensee."

"When the words of a statute are clear and free of all ambiguity, [as here,] the letter of it is not to be disregarded...." Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). Moreover, legislative history may not serve as a pretext for disregarding the plain meaning of statutory language. *Borough of West Chester v. Taxpayers of the Borough of West Chester,* 129 Pa.Commonwealth Ct. 545, 566 A.2d 373 (1989).

application for a new hotel liquor license be granted where two public thoroughfares separate a hotel's dining facilities from its guest rooms; "[t]o hold otherwise would give an applicant for a new hotel liquor license greater standing than an applicant for a secondary service area or for an extension of premises." Board's brief at 9. Accordingly, the Board contends that Section 406.1 of the Code should be read *in pari materia* with Section 404 of the Code.

In *Ulana, Ltd. v. Pennsylvania Liquor Control Board,* 86 Pa.Commonwealth Ct. 345, 484 A.2d 859 (1984), we emphasized that Section 404 of the Code, 47 P.S. § 4-404, is broad enough to include extensions of existing licenses because transferring to a new location is similar to an extension. *See also Latrobe Country Club v. Pennsylvania Liquor Control Board,* 31 Pa.Commonwealth Ct. 265, 375 A.2d 1360 (1977). Thus, we conclude that reading Sections 404 and 406.1 of the Code *in pari materia* is proper.

■ Further, an administrative agency's interpretation of the legislature's intent must be given deference when statutory language is not explicit. Section 1921(c)(8) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(c)(8); *Pennsylvania Liquor Control Board v. Burrel Food Systems, Inc.,* 97 Pa.Commonwealth Ct. 101, 508 A.2d 1308 (1986), *petition for allowance of appeal denied,* 513 Pa. 636, 520 A.2d 1386 (1987). Finally, such administrative interpretation of a statute by those charged with its administration should not be disregarded unless clearly erroneous. *Carol Lines, Inc. v. Pennsylvania Public Utility Commission,* 83 Pa.Commonwealth Ct. 393, 477 A.2d 601 (1984). We conclude that the Board's interpretation of Section 404 and its reliance on Section 406.1 was not clearly erroneous because "[e]very statute shall be construed, if possible, to give effect to all of its provisions,"[6] and there are presumptions "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or

6. 1 Pa.C.S. § 1921(a).

unreasonable," [7] and "[t]hat the General Assembly intends to favor the public interest as against any private interest." [8]

Although we can affirm solely on the basis of the Board's proper interpretation of the Code as the agency charged with its administration, we choose also to address the parties' arguments with regard to *Longo,* relied upon by the trial court, in order to clarify its precedential value in the case *sub judice.* In *Longo,* the applicants for a new hotel liquor license owned a restaurant with a motel located 150 feet behind it. The *Longo* court found great significance in the distinction between a "hotel" and a "motel" and adopted the Board's position that the guest rooms and dining facilities must be in the same building in order for the premises to qualify as a hotel. It does not appear that an intervening thoroughfare was involved.

The Roberts argue that the trial court's reliance on *Longo* was misplaced since our court subsequently decided liquor license extension cases which depart from our Superior Court's rationale in that case. Specifically, the Roberts contend that we implicitly overruled *Longo* in *Pennsylvania Liquor Control Board v. Swiftwater Inn, Inc.,* 45 Pa.Commonwealth Ct. 141, 405 A.2d 583 (1979) and *Latrobe Country Club.* In *Swiftwater,* we held as follows:

> We do not believe that the regulations or the law require that an additional *building* used in connection with a hotel license must contain sleeping accommodations of its own.... The extension sought here was not for the licensing of additional premises but merely for the extension of the license to include another building included in the same premises for which Swiftwater already had a hotel license.

*Id.,* 45 Pa.Commonwealth Ct. at 146, 405 A.2d at 585–86 (emphasis in original). The *Swiftwater* court specifically adopted the trial court's rationale wherein the latter distinguished *Longo,* which involved an application for a new license, from *Swiftwater,* which involved an extension of an

**7.** 1 Pa.C.S. § 1922(1).
**8.** 1 Pa.C.S. § 1922(5).

already existing hotel liquor license. Significantly, *Swiftwater* did not involve an intervening thoroughfare.

In *Latrobe Country Club,* which also did not involve an intervening thoroughfare between the licensed premises and the premises sought to be licensed, we held that the Board should not automatically deny applications for reasonable extensions of liquor licenses "to other buildings of a licensee situated at the same relative location as the originally licensed premises." *Id.* 31 Pa.Commonwealth Ct. at 272, 375 A.2d at 1363. Further, we stated that "our reading of Section 102 [which contains the definition of 'club'] dictates that we conclude that a licensee's clubhouse or quarters may indeed be encompassed in more than one building on the licensed premises...." *Id.*

The Board argues that *Longo* has not been undermined or overruled by *Swiftwater* and *Latrobe Country Club.* It emphasizes that in *Swiftwater,* we specifically distinguished the situation involving an application for a new hotel liquor license, at issue in the case *sub judice* and in *Longo,* from the situation involving an extension of an existing license, the situation in *Swiftwater* and *Latrobe Country Club.*

We note that our acknowledgement in *Swiftwater* of the different situations involved in that case and in *Longo* did not address the public thoroughfare issue. In *Swiftwater,* we merely adopted the trial court's reasoning that *Swiftwater* and *Longo* were distinguishable because the *Longo* applicant's purpose in applying for a license was not primarily to satisfy the motel guests' entertainment needs, which, significantly, was the case in *Swiftwater* with regard to the hotel. This difference in the applicants' purpose was the distinguishing factor, not the public thoroughfare situation at issue in the case *sub judice.* Thus, the precedential value of *Longo* here is minimized by this distinction and by the absence of any public thoroughfare at issue in that case.

Additionally, we note that both *Swiftwater* and *Latrobe Country Club* are distinguishable from the case *sub judice* due to the character of the "premises" and "tracts" in-

volved in each case. Both *Swiftwater* and *Latrobe Country Club* involved applications for liquor license extensions to be used for other buildings on the same "premises" or "tracts" of land. In *Swiftwater,* we noted that "premises" is defined as "a *tract* of land including its buildings." *Id.* 45 Pa.Commonwealth Ct. at 146, 405 A.2d at 586 (quoting *Latrobe Country Club,* 31 Pa.Commonwealth Ct. at 271 n. 2, 375 A.2d at 1362 n. 2.) (emphasis added). "Tract" is defined as "a *continuous* expanse of land." Webster's New World Dictionary of the American Language 1543 (College ed. 1962) (emphasis added).

Due to the presence of two intervening thoroughfares separating the guest rooms from the dining facilities, the case *sub judice* arguably involves two "premises" and two "tracts" of land. Thus, we find the Roberts' reliance on *Swiftwater* and *Latrobe Country Club* to be without merit.

We do not conclude that *Longo* has been overruled. We do conclude that, although cases involving applications for new licenses are distinguishable from those involving applications for extensions of existing licenses in certain contexts, the logic which pertains to the prohibition against granting an application for an extension due to an intervening public thoroughfare can reasonably be extended to prohibiting the granting of a new hotel liquor license where two public thoroughfares intervene between the guest rooms and the dining facilities.

For the foregoing reasons, we affirm the decision of the trial court affirming the Board's denial of the Roberts' application for a new hotel liquor license, No. H–5530.

## ORDER

AND NOW, this 27th day of February, 1992, the order of the Court of Common Pleas of Elk County affirming the Pennsylvania Liquor Control Board's denial of Benjamin T. and Janet M. Robert's application for a new hotel liquor license, No. H–5530, is hereby affirmed.