627 A.2d 226

PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,

v.

CASE BEER & SODA OUTLET, INC., t/a Beer & Soda Warehouse.

Commonwealth Court of Pennsylvania.

Argued March 29, 1993.

Decided June 9, 1993.

Thomas E. Bellaron, for appellant.

Roslyn M. Litman, for appellee.

Before PELLEGRINI, FRIEDMAN and NARICK, Senior Judges.

FRIEDMAN, Judge.

The Pennsylvania State Police, Bureau of Liquor Control Enforcement (PSP) appeals an order of the Court of Common Pleas of Dauphin County which affirmed an order of the Pennsylvania Liquor Control Board (PLCB) dismissing citations issued against Case Beer & Soda Outlet, Inc., t/a Beer & Soda Warehouse (Licensee). We affirm.

The facts are not in dispute. Licensee is a licensed distributor of malt and brewed beverages. In connection with its business, Licensee had price lists *on the licensed premises* which contained the price of the brands of beer available on the premises, the name, address and telephone number of the Licensee, the location of Licensee with regard to the exit of a major highway and the language "Guaranteed Lowest Beer Prices, We'll Match Any Competitor's Special". Consumers were permitted to remove the handbills from the licensed premises. Licensee also placed in a local newspaper of general circulation an advertisement which read, in pertinent part, "Beer Prices Are Top Secret. Since it is illegal to advertise beer prices, you will have to stop by and pick up a copy of our price list."

The PSP issued three citations against Licensee, all of which charged Licensee, *inter alia,* with advertising in violation section 498 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–498, and regulations promulgated thereunder at 40 Pa.Code § 13.62(a). Following a hearing before a panel of three administrative law judges, that panel concluded that while there was no violation of section 13.62(a) of the regulations, the conduct described above did constitute illegal price advertising in violation of section 498 of the Liquor Code. The panel also concluded that the guarantee of lowest beer prices on the price list was a violation of section

493(22) of the Liquor Code.[1] The panel imposed a fine of $1000.00 and suspended the licensee for three days. Licensee appealed to the PLCB which reversed the order of the panel and dismissed the citations. The PLCB first concluded that the panel had erred in considering section 4–493(22) because Licensee had never been charged with a violation of that section of the Liquor Code. It went on to conclude that the conduct of Licensee did not violate section 498. PSP appealed to the Court of Common Pleas of Dauphin County which affirmed. PSP now seeks our review.

PSP again argues that Licensee's conduct was violative of section 498.[2] We cannot agree.

Section 498(a) provides:

No ... licensee under this act shall cause or permit the advertising in any manner whatsoever of the *price* of any malt beverage ... offered for sale in this Commonwealth; Provided, however, That the provisions of this section shall not apply to price signs or tags attached to or placed on merchandise for sale within the licensed premises in accordance with rules and regulations of the board.

47 P.S. § 4–498(a) (Supp.1992–93). The PLCB relied upon its prior decision in *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. State Street Beer and Soda Discounter, Inc.* (Nos. 88–1972 and 88–2538, filed 12/29/89) wherein it concluded that price lists distributed within a licensee's licensed premises do not constitute advertising as prohibited by section 498. As the PLCB explained:

1. That section makes it unlawful "[f]or any licensee ... to induce directly the purchase of ... malt or brewed beverages." 47 P.S. § 4–493(22).

2. Under 40 Pa.Code § 17.21(d), the PLCB reviews orders issued by administrative law judges pursuant to section 471 of the Liquor Code "solely on the record made before the ALJ." Our review is thus to make certain that all of the necessary factual findings of fact by the ALJ are supported by substantial evidence and to decide if the trial court committed an error of law or abused its discretion. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Mallios*, 137 Pa.Commonwealth Ct. 182, 585 A.2d 590 (1991).

Clearly the handbills available for the use of patrons inside the Licensee's business do not constitute 'advertising' as defined by the regulations. This general concept of advertising as the act of giving public notice by means of widespread distribution of promotional material, whether by oral, written or other visual form, is clearly not seen in the handbills presented in this case. Indeed, the use of handbills inside the licensed premises is approved in the very regulation [40 Pa.Code § 13.62] Licensee was charged with violating....

*Id.* at p. 4. Just as in *State Street*, Licensee here was originally charged with violating 40 Pa.Code § 13.62(a), which provides that "no licensee may distribute, by mail or personally, or through servants, agents or employees, price lists, circulars or handbills *off the licensed premises* to the general public as a means of advertising ... malt or brewed beverages." (Emphasis added.)

A few elementary principles must be kept in mind. As we recently stated in *Roberts v. Pennsylvania Liquor Control Board*, 146 Pa.Commonwealth Ct. 64, 68, 604 A.2d 1152, 1155 (1992):

[A]n administrative agency's interpretation of the legislature's intent must be given deference when statutory language is not explicit. Section 1921(c)(8) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(c)(8); *Pennsylvania Liquor Control Board v. Burrell Food Systems, Inc.*, 97 Pa.Commonwealth Ct. 101, 508 A.2d 1308 (1986), *petition for allowance of appeal denied*, 513 Pa. 636, 520 A.2d 1386 (1987). Finally such administrative interpretation of a statute by those charged with its administration should not be disregarded unless clearly erroneous. *Carol Lines, Inc., v. Pennsylvania Public Utility Commission*, 83 Pa.Commonwealth Ct. 393, 477 A.2d 601 (1984).

Keeping these concepts in mind, we shall review the PSP's arguments that both the PLCB and the trial court erred in concluding that Licensee's conduct did not constitute advertising which is prohibited by section 498.

PSP essentially argues that the only manner in which *price* of an item may be displayed is by either price signs or tags as set forth in section 498. This argument conveniently forgets the regulation contained at 40 Pa.Code § 13.62 which prohibits the distribution of *price lists "off the licensed premises to the general public."* We must note that PSP does not challenge the validity of this regulation. Therefore, this first assertion of PSP must be rejected.

■ PSP next asserts that Licensee's employees did not attempt to prohibit customers removing the price list from the premises. PSP states that because of this fact, *Pennsylvania Liquor Control Board v. S & B Restaurants, Inc.,* 112 Pa.Commonwealth Ct. 382, 535 A.2d 709 (1988) is applicable; there we held that a licensee who acquiesces to a violation in effect permits the violation. We believe, however, that this argument begs the question. The Liquor Code makes it illegal for a licensee to "cause or permit advertising ... of the price of a malt beverage." A price list is permitted on the premises and to that extent is not prohibited advertising. If the PLCB had intended to prohibit the removal of such price lists, it could have so specified in its regulations. Because it failed to do so, we cannot conclude that a licensee who permits a price list to be removed from the licensed premises engages in prohibited advertising. The PLCB's interpretation of section 498 is not "clearly erroneous" and we must again reject PSP's argument.

■ PSP next argues that the price lists, when considered in combination with the newspaper advertisement [3], then become advertising prohibited by the Liquor Code. As Licensee aptly points out in its brief, the price lists in the stores are legal. The newspaper advertisement was also legal as it did not give the prices of products but rather only accurately stated the law and informed potential customers that price could only be determined by coming to the licensed premises. As Licensee states, "It is illogical to conclude that one non-

---

3. Again, the newspaper advertisement in question stated, "Beer prices are top secret. Since it is illegal to advertise beer prices, you will have to stop by and pick up a copy of our price list."

violation (the newspaper advertisement) added to another non-violation (the on-premises provision of price information, via the price lists), equals a violation." (Licensee's brief, p. 12.) We agree and again must reject PSP's argument.

Throughout its brief, PSP alludes to the principle that the Liquor Code was and is intended to control and limit, rather than encourage, the sale and consumption of alcohol. *Bierman v. Pennsylvania Liquor Control Board,* 188 Pa.Superior Ct. 200, 145 A.2d 876 (1958). This court does not question the applicability of that principle to all cases involving the Liquor Code. We need say no more, however, than that allowing a consumer to know the price of an item he or she is buying is not the encouragement of the sale or consumption of alcohol.

Affirmed.[4]

## ORDER

AND NOW, this 9th day of June, 1993, the February 10, 1992 order of the Court of Common Pleas of Dauphin County at No. 696 M.D.1991 is affirmed.

---

4. Because we have concluded that Licensee's conduct did not amount to prohibited price advertising, we need not reach the Licensee's argument that the prohibition of price advertising violates Licensee's right to free speech. *See Krenzelak v. Krenzelak,* 503 Pa. 373, 469 A.2d 987 (1983) (a court should never decide a constitutional question unless absolutely necessary); *Friedlander v. Zoning Hearing Board of Sayre Borough,* 119 Pa.Commonwealth Ct. 164, 546 A.2d 755 (1988) (a court should not decide a case on the basis of a constitutional question when the matter can be disposed of on non-constitutional grounds).