The PLAYER'S BENCH,
INC., Petitioner,

v.

PENNSYLVANIA LIQUOR CONTROL
BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1999.
Decided May 16, 2000.

Robert J. Sugarman, Philadelphia, for petitioner.

Robin Coward, Conshohocken, for respondent.

Daniel G. Lyons, Philadelphia, for intervenor, Main Street Group, Inc.

Before PELLEGRINI, J., LEADBETTER, J., and NARICK, Senior Judge.

LEADBETTER, Judge.

This case raises a novel issue concerning the jurisdiction of this court over certain orders of the Pennsylvania Liquor Control Board. The Player's Bench, Inc., appeals from three orders which granted a liquor license to Main Street Group and denied them to Player's Bench and one other applicant. Due to quirks in the Pennsylva-

nia Liquor Code[1] and the Pennsylvania Administrative Agency Law,[2] we are unable to acquire jurisdiction over the entire Board determination, and therefore do not reach the merits of the appeal.

Because the 1990 census showed a sufficient increase in population in Warwick Township, Bucks County, the Pennsylvania Liquor Control Board determined that the number of liquor licenses granted in the Township could be increased by one. Three local businesses, Player's Bench, Main Street Group, Inc., and Jamison General Store, Inc., submitted applications for the additional permit. Following hearings on all three applications on June 18, 1998, the Board found Jamison's premises unqualified to be licensed. It found both Main Street and Player's Bench to be qualified but selected Main Street as the better candidate after weighing a number of factors. Thereafter in early August, the Board—in three separate orders— awarded the license to Main Street and denied the applications of Player's Bench and Jamison. Player's Bench has filed a petition for review in this court appealing both the award of the license to Main Street and the denial of its own application. Main Street has intervened and asks us to dismiss this appeal, claiming that Player's Bench lacks standing to appeal either order. While we disagree with Main Street's standing argument, we conclude that in the particular circumstances presented here, this court lacks jurisdiction.

 First, it is clear that Player's Bench cannot appeal the order denying its application for a liquor license directly to this court. According to Section 763(a) of the Judicial Code, the Commonwealth Court shall have exclusive jurisdiction over appeals from any Commonwealth agency having statewide jurisdiction. 42 Pa.C.S. § 763(a). However, subsection (c) of Section 763 provides exceptions under which the Commonwealth Court "shall not have jurisdiction," including those appeals mentioned in 42 Pa.C.S. § 933, which are "within the exclusive jurisdiction of the courts of common pleas." 42 Pa.C.S. § 763(c)(2). Under 42 Pa.C.S. § 933(a):

> Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:
>
> (1)Appeals from Commonwealth agencies in the following cases:
>
> . . . .
>
> (v) Determinations of the Pennsylvania Liquor Control Board appealable under the act of April 12, 1951 (P.L. 90, No. 21), known as the Liquor Code. . . .

As a *denial* of an application is appealable under the Liquor Code,[3] the order denying Player's Bench's application may be properly brought only in the Bucks County Court of Common Pleas.

 This appeal, however, also encompasses the *grant* of the license to Main Street. An appeal from a grant of a license to a competitor is not similarly permitted under the Liquor Code, which allows only that "any church, hospital, charitable institution, school or public playground located within three hundred feet of the premises applied for" may appeal a grant to the court of common pleas. Section 464, *as amended*, 47 P.S. § 4-464. Thus, ordinarily, the grant of a license is not appealable to the court of common pleas under 42 Pa.C.S. § 933, and under the analysis of our Supreme Court in *Application of El Rancho*

---

**1.** Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1–101—8–803; 10–1001.

**2.** 2 Pa.C.S. §§ 501–508, 701–704.

**3.** "Any applicant who has appeared at any hearing, as above provided, who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license or to renew any amusement permit may appeal. . . ." Section 464 of the Liquor Code, 47 P.S. § 4–464.

*Grande, Inc.,* 496 Pa. 496, 437 A.2d 1150 (1981), this court would have jurisdiction over such an appeal and Player's Bench would have standing to bring it.[4]

■ Thus, if the Board's determination in this matter is viewed as two separate decisions [5]—and indeed the Board entered a separate order [6] as to each applicant—Player's Bench must appeal the denial of its application to the Bucks County Court of Common Pleas, but must appeal the grant of its competitor's application to this court. We do not believe that the Board's decision can be so balkanized. Such an approach could lead to inconsistent results and present the Board with an obligation to comply with contradictory orders. This difficulty is compounded by the fact that our court and common pleas review Liquor Control Board decisions of this type under quite different limitations. Pursuant to the Administrative Agency Law, the scope of our review is limited to the traditional appellate review of the record to determine whether the Board has erred in applying a legal precept, found facts not supported by the record, committed an abuse of discretion, or followed improper procedures. 2 Pa.C.S. § 704. On the other hand, our Supreme Court has held that "an appeal from a decision of the Board pursuant to this language required the **court of common pleas** to conduct a de novo review, and in the exercise of its statutory discretion, to make findings and conclusions." *Pennsylvania Liquor Control Bd. v. Richard E. Craft American Legion Home Corp.,* 553 Pa. 99, 103, 718 A.2d 276, 278 (1998), quoting *Pennsylva-*

*nia State Police v. Cantina Gloria's Lounge, Inc.,* 536 Pa. 254, 259, 639 A.2d 14, 16 (1994) [emphasis added]. If then, under this dual standard, contrary but evidentially supported facts were found by the Board and common pleas, inconsistent orders could not be reconciled even by appeal to our Supreme Court.

■ Neither the language of the statutes nor our caselaw mandates such an absurd result. As noted above, 42 Pa.C.S. § 933(a)(1)(v) provides that *determinations* of the Liquor Control Board appealable under the Liquor Code fall within the appellate jurisdiction of the court of common pleas. While it is true that in the case before us, the Board has issued separate *orders,* it is clear that the Board has only made one *determination.* That determination was that the lone available liquor license should go to Main Street and not to Player's Bench. The opinions in support of the orders are, in pertinent part, virtually identical; they make clear that both putative licensees were qualified and the only reason for denial of the Player's Bench application was that the Board had to make a choice and selected Main Street. The orders are so inextricably intertwined that reviewing courts cannot rationally examine them in isolation. We therefore hold that in cases where the Board must select one of two (or more) qualified applicants for the award of a single license, the determination—both the grant and the denial—should issue in the form of a single order. The entire determination may thus be reviewed in a single

---

4. Main Street argues that Player's Bench is not aggrieved as were the petitioners in *Application of El Rancho Grande, Inc.,* 496 Pa. 496, 437 A.2d 1150 (1981) because the latter presented evidence "that one or more of the individual appellants would be driven out of business by the presence of an additional licensee." *Id.* at 503, 437 A.2d at 1153. However, since the denial of the license to petitioner was directly predicated upon the finding that Main Street was the better of two qualified applicants, the direct, immediate and substantial nature of petitioner's interest can hardly be questioned.

5. The denial of Jamison's application is not before us and, in any case, would present a different issue since its premises was found to be unqualified.

6. Actually, the grant to Main Street was in the form of a letter notification rather than a formal order as was issued for the two denials. However, the letter clearly represented the final decision of the Board on Main Street's application.

appeal to common pleas.[7] In the present case, since both orders are before us, we will transfer them for consolidated disposition in the Bucks County Court of Common Pleas.[8]

### ORDER

AND NOW, this 16th day of May, 2000, the petition for review in the above captioned matter is hereby transferred to the Court of Common Pleas of Bucks County.

---

**7.** In this regard, we distinguish the situation in which the Board has based its denial on a finding that the disappointed applicant was unqualified (as occurred here regarding Jamison's premises). In that situation, the grant and denial would not represent a single determination and review of the two orders would present discreet issues.

**8.** Counsel have stated that petitioner also appealed these orders to the court of common pleas, which stayed its appeals pending our

disposition, although the existence of those cases is not of record in this court. To the extent that this transfer creates duplicate appeals, we are certain that common pleas can resolve this procedural issue without any particular direction from this court.