NILO, INC.

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD.**

**Allegheny Steak & Pasta Grill**

v.

**Pennsylvania Liquor Control Board.**

**Appeal of HTA, Inc. d/b/a The Pizza Factory.**

Commonwealth Court of Pennsylvania.

Argued May 8, 2002.

Decided Aug. 27, 2002.

Michael R. Hadley, Oil City, for appellant.

Jack W. Cline, Mercer, for appellee, Allegheny Steak & Pasta Grill, Inc.

Keith M. Pemrick, Franklin, for appellee, Pappan's Family Restaurant, Inc.

BEFORE: COLINS, President Judge, McGINLEY, J., SMITH–RIBNER, J., PELLEGRINI, J., LEADBETTER, J., SIMPSON, J., and LEAVITT, Judge.

OPINION BY Judge LEADBETTER.

HTA, Inc.,[1] appeals from the order of the Court of Common Pleas of Venango County, which reversed the grant of its application for a liquor license and awarded the license to another business. On appeal, HTA contends that common pleas lacked jurisdiction over the underlying appeals and that common pleas erred in reversing the award of the license to HTA because the court failed to find that the Liquor Control Board (Board) abused its discretion in granting HTA's application. After review, we affirm.

The facts underlying this appeal are undisputed. Two new retail liquor licenses became available in Cranberry Township, Venango County.[2] Five establishments submitted applications for the licenses: Allegheny Steak and Pasta Grill, Inc. (Allegheny Steak); HTA; Nilo, Inc.; Pappan's Family Restaurants, Inc. (Pappan's); and Stephen C. Zacherl and Tracy L. Rivers (Zacherl/Rivers). A hearing examiner for the Board held separate hearings on each application and then, in one opinion containing findings of fact and conclusions of law, recommended that the licenses be awarded to HTA and Pappan's. The Board then awarded the licenses as recommended. In doing so, the Board issued separate orders either granting or denying each applicant's application.

Allegheny Steak and Nilo appealed the orders denying their applications to common pleas.[3] HTA moved to intervene in both appeals. Common pleas granted HTA's motion to intervene and consolidated the matters for a hearing.[4] Although common pleas found that all four of the applicants would qualify for a license, it reversed the Board's award of a license to HTA and instead, awarded the license to Allegheny Steak. Common pleas affirmed the grant of Pappan's license. HTA then filed the present appeal.

On appeal, HTA initially raises several challenges to common pleas' jurisdiction over the Board's grant of its application for a license. First, HTA argues that the Liquor Code (Code)[5] permits a disappointed applicant to appeal only from the Board's denial of its own license application and that the Code does not permit disappointed applicants to appeal from the Board's decision granting a license to another. Further, even if there is such a right of appeal, any challenge to the grant of an application to another must be heard

---

1. HTA conducts business under the name of The Pizza Factory.

2. Prior thereto, Cranberry Township had been dry.

3. Importantly, Allegheny Steak, citing this court's recent decision in *Player's Bench v. Pennsylvania Liquor Control Board*, 751 A.2d 1221 (Pa.Cmwlth.2000), averred in its petition for appeal that the Board erred in failing to issue a single order that addressed all applications and that it had standing to appeal both the denial of its application and the grant of a license to other applicants.

4. Common pleas' order, which granted HTA's motion to intervene and consolidated the appeals for a hearing, also directed that if Pappan's and Zacherl/Rivers desired to be heard in the appeal, they could file a pretrial narrative and attend the upcoming pretrial conference. Pappan's entered an appearance before common pleas and participated in the proceedings while Zacherl/Rivers did not.

5. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101–8–803.

by this court, and not the court of common pleas. These arguments do not require extended discussion. Suffice it to say that they have previously been considered and rejected: the first argument by our Supreme Court in *Application of El Rancho Grande, Inc.*, 496 Pa. 496, 437 A.2d 1150 (1981), and the second by this court in *Player's Bench v. Pennsylvania Liquor Control Board*, 751 A.2d 1221 (Pa.Cmwlth. 2000).[6] HTA simply asserts that these cases were wrongly decided. We decline HTA's invitation to revisit them.

■ HTA also contends that even if common pleas had subject matter jurisdiction over the Board's entire decision, Allegheny Steak (and Nilo) failed to properly invoke that jurisdiction because they failed to appeal the Board's separate orders granting licenses to HTA and Pappan's, and thus failed to bring this aspect of the decision before common pleas for review.[7]

Clearly, if the Board had granted and denied all applications submitted for the two available licenses in one order, as this court in *Player's Bench* instructed it to do, then each appealing entity would need to file only one petition. However, when the Board's decision is erroneously bifurcated into separate orders, we agree that ordinarily the appellant must take additional steps[8] to bring before common pleas all parties whose interests will be at stake in the appeal. Nonetheless, while Allegheny Steak and Nilo failed to do so, HTA and Pappan's themselves intervened in the appeals that were taken to common pleas. All parties necessary to a *de novo* review of the Board's entire determination were present before common pleas and participated in the proceedings. Therefore, we conclude that the failure of Allegheny Steak and Nilo to appeal from the Board's orders awarding licenses to HTA and Pappan's did not deprive common pleas of the authority to review the proper award of the two available licenses.

■ Finally, we address HTA's contention that common pleas erred in reviewing the Board's decision *de novo*. According to HTA, when the Board is choosing among equally qualified applicants, common pleas is limited to determining whether the Board abused its discretion in awarding the license. We disagree. Sec-

---

**6.** In *El Rancho Grande*, our Supreme Court held that, although (with limited exceptions not applicable here) the Code provides only for an appeal from the denial of a license, any aggrieved person has a right under the Administrative Agency Law to appeal the grant of a license to another. While ordinarily such appeals are heard in this court, we created a very limited exception in *Player's Bench*, holding that where the Board must choose between multiple qualified applicants in awarding a single license, the grant to one and denial to the others is but a single decision, which should be effected in a single order, appealable to common pleas. 751 A.2d at 1223–24. Otherwise, if common pleas heard an appeal from the denial(s) while our court heard the appeal(s) from the grant, inconsistent and potentially irreconcilable results could ensue, since the appeal to common pleas is heard *de novo* while the appeal to our

court would be decided under the appellate review standard mandated by the Administrative Agency Law.

**7.** In support of its argument, HTA points to Section 464 of the Code, which provides that aggrieved parties may take an appeal to the court of common pleas and that such appeal *"shall be on petition* of the aggrieved party ... [and] *limited to the question of such grievance."* 47 P.S. § 4–464 (emphasis added).

**8.** In *Player's Bench*, this was accomplished by appealing the license awards to this court, which transferred them to common pleas for consolidation with the denial appeals. It would also appear that a disappointed applicant in this situation could bring an action to require the Board to comply with its duty to issue a single order disposing of the entire matter.

tion 464 of the Code provides in pertinent part:

The court [of common pleas] shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved, ... The court shall either sustain or over-rule the action of the board and either order or deny the issuance of a new license or the renewal or transfer of the license or the renewal of an amusement permit to the applicant.

47 P.S. § 4–464. As this court noted in *Altshuler v. Pennsylvania Liquor Control Board,* 729 A.2d 1272 (Pa.Cmwlth.1999):

Our Supreme Court recently clarified that in appeals under Section 464 of the Liquor Code, involving the Board's grant or denial of liquor licenses or the renewal or transfer of such license, the trial court may make its own findings and reach its own conclusions based on those findings even when the evidence it hears is substantially the same as the evidence presented to the Board. *Pennsylvania Liquor Control [Bd.] v. Richard E. Craft American Legion Home [Corp.],* 553 Pa. 99, 718 A.2d 276, 278 (1998).

*Id.* at 1276. We find no basis in the express language of Section 464 or the post-*Craft* decisional law that supports the conclusion that the *de novo* scope of review announced in *Craft* does not apply when the Board has found more than one applicant qualified for a license. Consequently, we conclude that this argument lacks merit, and we affirm the order of the court of common pleas.

President Judge COLINS and Judge SMITH–RIBNER dissent.

### ORDER

AND NOW, this 27th day of August, 2002, the order of the Court of Common Pleas of Venango County in the above captioned matter is AFFIRMED.