861 A.2d 248

NILO, INC.

v.

PENNSYLVANIA LIQUOR CONTROL BOARD.

Allegheny Steak & Pasta Grill

v.

Pennsylvania Liquor Control Board.

Appeal of HTA, Inc. d/b/a The Pizza Factory.

Supreme Court of Pennsylvania.

Argued March 1, 2004.

Decided Sept. 3, 2004.

Michael Robert Hadley, for HTA, Inc. d/b/a The Pizza Factory, Appellant.

Faith Smith Diehl, Harrisburg, for PA Liquor Control Board, Appellee.

Bruce Tucker Rosen, Oil City, for Nilo, Inc., Appellee.

Jack W. Cline, Mercer, Joseph J. Liotta, Franklin, for Allegheny Steak & Pasta Grill, Appellee.

Keith Michael Pemrick, Franklin, for Pappan's Family Restaurant, Appellee.

Before: CAPPY, C.J., CASTILLE, NIGRO, SAYLOR, EAKIN and BAER, JJ.

## ORDER

PER CURIAM.

AND NOW, this 3rd day of September, 2004, the Court being evenly divided, the order of the Commonwealth Court is affirmed.

Justice NEWMAN did not participate in the consideration or decision of this case.

Justice BAER files an opinion in support of affirmance in which Justice NIGRO and Justice SAYLOR join.

Justice EAKIN files an opinion in support of reversal in which Chief Justice CAPPY and Justice CASTILLE join.

BAER, Justice in support of affirmance.

■ Because I fundamentally disagree with the Opinion in Support of Reversal's characterization of Allegheny Steak and Pasta Grill, Inc.'s (Allegheny Steak) and Nilo, Inc.'s (Nilo) appeal from the decision of the Liquor Control Board (Board) to the Court of Common Pleas of Venango County (common pleas court) as an appeal from the Board's denial of a liquor license to them *as well as* an appeal from the Board's grant of a license to HTA, Inc. (HTA) and Pappan's Family Restaurants, Inc. (Pappan's), resulting in two discreet procedures for review, I file this Opinion in Support of Affirmance. In my view, the Board's decision was from a single adjudication, and was properly before the common pleas court.

As noted by the Opinion in Support of Reversal, the basic facts underlying this action are that five retail establishments, Allegheny, Nilo, HTA, Pappan's, and Stephen C. Zacherl and Tracey L. Rivers (Rivers), applied for two new retail liquor licenses that had become available in Cranberry Township, Venango County. Hearings were conducted by a Board hear-

ing examiner on the applications and, thereafter, the Board issued one consolidated opinion, and five separate orders, granting the applications of HTA and Pappan's and denying the applications of Allegheny, Nilo, and Rivers.

Both Allegheny and Nilo appealed the Board's decision to the Venango County Court of Common Pleas pursuant to Section 464 of the Liquor Code, which provides, in relevant part, as follows:

> Any applicant who has appeared at any hearing, as above provided, who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license or to issue or renew any amusement permit may take an appeal limited to the question of such grievance, within twenty days from date of refusal or grant, to the court of common pleas of the county in which the premises or permit applied for is located.... The court shall hear the application *de novo* on questions of fact, administrative discretion and such other matters as are involved, .... The court shall either sustain or overrule the action of the board and either order or deny the issuance of a new license ... to the applicant.

47 P.S. § 4–464. HTA intervened in the appeal and the common pleas court, in my view correctly recognizing that the entire decision rendered by the Board was before it, directed Pappan's and Rivers to file a pretrial narrative and attend the pretrial conference if either party desired to be heard. Only Pappan's participated in the proceedings.[1]

Following a *de novo* proceeding, the court, acting on the appeal of Allegheny and Nilo, entered an order dated February 28, 2001, wherein it sustained the appeal of Allegheny and directed the Board to grant it a liquor license. The common pleas court then dismissed Nilo's appeal and affirmed the award of a license to Pappan's. Finally, "in light of [its]

1. Interestingly, HTA did not complain of the common pleas court's lack of subject matter jurisdiction over the appeal of Nilo and Allegheny. To the contrary, as noted, HTA specifically sought to intervene in the proceeding.

decision to award the license to [Allegheny]," the court reversed the Board's award of a license to HTA.

HTA then appealed the common pleas court's decision to the Commonwealth Court. There, for the first time, HTA raised the propriety of the common pleas court's jurisdiction to entertain the appeal of Nilo and Allegheny from what it conveniently characterized as the Board's *grant* of a license to it. As noted in the Opinion in Support of Reversal, HTA argued that the common pleas court lacked subject matter jurisdiction to review Allegheny and Nilo's "appeal from the [Board's] order granting a license to HTA." Opinion in Support of Reversal at. 3. Specifically, HTA argued that the Liquor Code permits a disappointed applicant to appeal to the common pleas court only from the Board's denial of its own license application and not the Board's decision granting a license to another.

The Commonwealth Court rejected HTA's assertions based upon its prior decision in *Player's Bench v. Pennsylvania Liquor Control Board*, 751 A.2d 1221 (Pa.Cmwlth.2000). There, the court held that where, as here, the Board must choose between multiple qualified applicants in awarding a limited number of licenses, the grant to one and the denial to the others is one single decision, which should be effected in a single order and appealable to the court of common pleas. *Id.* at 1223–24. Contrary to the view articulated in the Opinion in Support of Reversal, I agree.

As acknowledged by HTA, pursuant to Section 464 of the Liquor Code, Allegheny and Nilo had the absolute right to appeal to the court of common pleas the Board's decision rejecting their applications for a retail liquor license. Nevertheless, according to HTA, and pursuant to the reasoning of the Opinion in Support of Reversal's reasoning, the court was not permitted to review the propriety of the grant of licenses to HTA and Pappan's. Section 464 of the Liquor Code, however, provides that when an appeal is taken to the common pleas court, the court "shall hear the appeal *de novo*" and "shall either sustain or over-rule the action of the [B]oard and

either order or deny the issuance of a new license...to the applicant."

Here, in ruling upon Allegheny and Nilo's proper appeals from the Board's denial of their license applications, the common pleas court considered the entire adjudication of the Board so that it could properly effectuate a remedy consistent with its *de novo* findings. As noted previously, the court complied with the statutory mandate of Section 464 and sustained the appeal of Allegheny, dismissed Nilo's appeal, affirmed the award of a license to Pappan's, and, "in light of [its] decision to award the license to [Allegheny]," reversed the Board's award of a license to HTA.

Following the reasoning of the Opinion in Support of Reversal, the court was only permitted to reverse the denial of a license to Allegheny, but was not permitted to provide the remedy of awarding Allegheny a license. In my view, this logic is flawed as the trial court was required to review the entire adjudication of the Board in order to adjudicate the propriety of the Board's denial of Allegheny and Nilo's license applications. Otherwise the right to appeal would be a right with no remedy, which is inconsistent with basic jurisprudence.

The position taken in the Opinion in Support of Reversal, likewise, requires that the Board's single adjudication regarding the award of the limited number of liquor licenses be divided into multiple adjudications for purposes of appeal. Such view, however, is misplaced. While the Board here issued separate orders as a result of its adjudication, in my view, such fortuity cannot dictate the procedure for adjudicating an appeal from the Board's decision.[2]

The Opinion in Support of Reversal concludes that Allegheny and Nilo are not without a remedy because according to *Application of El Rancho Grande*, 496 Pa. 496, 437 A.2d 1150 (1981), and *Application of Family Style Restaurant, Inc.*, 503

**2.** The Commonwealth Court in *Player's Bench* specifically directed the Board to issue one order in a situation such as the one *sub judice;* the Board here, however, failed to abide by this dictate. *See Player's Bench,* 751 A.2d at 1223.

Pa. 109, 468 A.2d 1088, 1089–1090 (1983), they could have appealed from the grant of licenses to HTA and Pappan's to the Commonwealth Court. However, such "remedy" would not provide Allegheny and Nilo with the statutory remedy afforded them by the legislature through the Liquor Code as disappointed applicants. To the contrary, as noted previously, the legislative policy set forth in the Code envisions the common pleas court, a local court of record, as having *de novo* review and making *de novo* findings regarding decisions of the Board. Further, the legislature mandated in the Liquor Code that the common pleas court be able to effect a remedy in accordance with such findings. 47 P.S. § 4–464. The "remedy" of an appeal to the Commonwealth Court is hollow compared to Allegheny and Nilo's remedy by way of the Liquor Code, as that court cannot conduct a *de novo* review of the Board's decision. *See* Administrative Agency Law, 2 Pa.C.S. § 704. As the legislature has clearly provided a denied applicant the right to *de novo* review and the common pleas court is permitted to act upon its findings by rendering a disposition of the Board's adjudication, in my view, it is the view expressed in the Opinion in Support of Reversal, that would alter the jurisdictional scheme set forth by the legislature in the Liquor Code.

Finally, this case is distinguishable from the cases cited to in the Opinion in Support of Reversal where we have held that an aggrieved party, who is not specifically permitted to appeal the grant of a liquor license to the court of common pleas, may appeal to the Commonwealth Court. In those cases, *Application of El Rancho Grande,* and *Application of Family Style Restaurant, Inc.,* the appellants were not licensees who were denied a license and had a separate, independent, appeal right pursuant to Section 464 of the Code as did the appellees here. To the contrary, the entities seeking to appeal the grant of the issued licenses in *El Rancho* and *Family Style Restaurant* were merely other license holders who sought to establish that the grant of the subject license by the Board would have a negative substantial effect on their businesses. *See El Rancho, supra.* (individual tavern owners sought to appeal the

grant of a new license challenging the necessity of such license in the resort area where they conducted their businesses); *see also Family Style Restaurant, supra.* (where tavern owners association sought to challenge the award of a new license to a licensee in the same area they conducted their businesses).

Based on the foregoing, and, as noted at the outset, I find the alleged distinction between what constitutes an appeal from a refusal by the Board to grant a license to one party, and the Board's decision to grant the same license to another party, to be pure sophistry under the facts of this case. The grant of licenses to HTA and Pappan's and the concomitant denial to the three disappointed applicants are the opposite sides of the same coin. To characterize this one transaction as both a refusal to grant and a grant, and to require two disparate appeals, as the Opinion in Support of Reversal would mandate, leads to a construction of the Liquor Code that both defies logic and violates the core principle of statutory construction prohibiting absurd results. *See* 1 Pa.C.S.1922(1) (the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.)

Accordingly, I would affirm the Commonwealth Court's decision holding that the common pleas court properly considered Allegheny and Nilo's appeal from the Board's single adjudication regarding the two available retail liquor licenses.

Justice NIGRO and Justice SAYLOR join this Opinion in Support of Affirmance.

EAKIN, Justice in support of reversal.

HTA, Inc., appeals from the order of the Commonwealth Court affirming the order of the trial court reversing the grant of its application for a liquor license and awarding a license to another business. I would reverse.

Five businesses, HTA, Allegheny Steak and Pasta Grill, Inc. (Allegheny Steak), Nilo, Inc. (Nilo), Pappan's Family Restaurants, Inc. (Pappan's), and Stephen C. Zacherl and Tracy L. Rivers (Zacherl/Rivers), submitted applications for two available retail liquor licenses. A hearing examiner for the Liquor

Control Board (LCB) held hearings; the LCB granted the applications of HTA and Pappan's, and denied the others. Separate orders were issued either granting or denying each application.

Allegheny Steak and Nilo appealed the denial of their applications and the grant of HTA and Pappan's licenses to the trial court; HTA intervened.[1] The trial court reversed the LCB's grant of a license to HTA, awarded the license to Allegheny Steak instead, and affirmed the grant of Pappan's license. The Commonwealth Court affirmed in a published opinion. *Nilo, Inc. v. Pa. Liquor Control Bd.*, 805 A.2d 698 (Pa.Cmwlth.2002). We granted allowance of appeal.

HTA contends the trial court lacked subject matter jurisdiction to review Allegheny Steak and Nilo's appeals from the LCB's order granting a license to HTA. Although this issue was not raised before the trial court, a question of subject matter jurisdiction can never be waived; it may be raised at any stage in the proceedings. *See In re Melograne*, 571 Pa. 490, 812 A.2d 1164, 1166 (2002).

The trial court has jurisdiction to hear appeals under the Liquor Code. 42 Pa.C.S. § 933. This statute, in relevant part, provides:

(a) General rule.-.... [E]ach court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:

(1) Appeals from Commonwealth agencies in the following cases:

\* \* \*

(v) Determinations of the Pennsylvania Liquor Control Board appealable under the act of April 12, 1951 (P.L. 90, No. 21), known as the Liquor Code. . . .

42 Pa.C.S. § 933(a)(1)(v). The relevant portion of § 464 of the Liquor Code provides:

1. The order granting HTA's motion to intervene directed Pappan's and Zacherl/Rivers to file a pretrial narrative and attend the pretrial conference if either desired to be heard. Only Pappan's participated in the proceedings.

Any applicant who has appeared at any hearing, as above provided, who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license or to issue or renew any amusement permit may appeal, or any church, hospital, charitable institution, school or public playground located within three hundred feet of the premises applied for, aggrieved by the action of the board in granting the issuance of any such license or the transfer of any such license, may take an appeal limited to the question of such grievance, within twenty days from date of refusal or grant, to the court of common pleas of the county in which the premises or permit applied for is located.

47 P.S. § 4-464.

The General Assembly has thus defined the parties who may appeal from the grant of a license. Additionally, "inhabitants of the neighborhood within five hundred feet of an establishment which has successfully sought a license have been granted standing to appeal on the basis of section 404 of the [Liquor] Code." *Application of El Rancho Grande*, 496 Pa. 496, 437 A.2d 1150, 1152 (1981) (citing *Gismondi Liquor License Case*, 199 Pa.Super. 619, 186 A.2d 448 (1962)). Because neither Allegheny Steak nor Nilo is a church, hospital, charitable institution, school or public playground, nor an inhabitant of the neighborhood, there is no authority for them to appeal the grant of a license to the common pleas court. As unsuccessful applicants, it is clear from the statutory language of the Liquor Code that they may appeal to the court of common pleas only from the *denial* of a license. Here, however, Allegheny Steak and Nilo sought review of the *grant* of a license to HTA.

A party seeking to appeal the grant of a liquor license is not without remedy, however, for it may appeal under § 702 of the Administrative Agency Law. 2 Pa.C.S. § 702. This section provides: "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant

to Title 42 (relating to judiciary and judicial procedure)." *Id.* Under § 763(a) of the Judicial Code, the Commonwealth Court has jurisdiction to hear this appeal. *See* 42 Pa.C.S. § 763(a); *Application of Family Style Restaurant, Inc.,* 503 Pa. 109, 468 A.2d 1088, 1089–1090 (1983) (appeal from grant of liquor license, where party did not fall within any specified classes of persons permitted to appeal under Liquor Code, could be taken to Commonwealth Court provided party was aggrieved and had direct interest in adjudication); *El Rancho Grande,* 437 A.2d at 1152 (although no right to appeal grant of license to court of common pleas, appeal may be taken to Commonwealth Court under § 702 of Administrative Agency Law).

In holding the trial court had jurisdiction to hear an appeal from the *grant* of a license, the Commonwealth Court relied on *Player's Bench, Inc. v. Pennsylvania Liquor Control Bd.,* 751 A.2d 1221 (Pa.Cmwlth.2000). The court, in *Player's Bench,* recognized an appeal from a grant of a license to a competitor is not permitted under the Liquor Code and thus, is not appealable to the court of common pleas. *Id.,* at 1222. However, it chose to make an exception for appeals encompassing the denial of a party's own license and the grant of a competitor's license, allowing such appeals to be heard by the court of common pleas. *Id.,* at 1223–1224. In making this exception, the *Player's Bench* court expressed its concern that the trial court and Commonwealth Court have different standards of review and that appealing a denial to the trial court and a grant to the Commonwealth Court could lead to inconsistent results. *Id.,* at 1223.

Valid reasons exist why it would be sound policy for an appeal from the grant of a license to lie in the court of common pleas, and the legislature may wish to act accordingly. Nevertheless, I believe this is a question of jurisdiction, and only the General Assembly may expand the jurisdiction of courts by amendment of the relevant statutes. *See In re Appeal of Obradovich,* 386 Pa. 342, 126 A.2d 435, 437–438 (1956). The Commonwealth Court erred in creating an exception to the clear jurisdictional authority of the statute; that

court cannot confer jurisdiction to the court of common pleas where none existed. Accordingly, for the reasons stated herein, I would overrule *Player's Bench.* Hence, I believe the Commonwealth Court erred in determining the court of common pleas had jurisdiction to hear the appeal from the grant of HTA's license.

For the foregoing reasons, I would reverse the order of the Commonwealth Court.

Chief Justice CAPPY and Justice CASTILLE join this opinion in support of reversal.