468 A.2d 1088

**In re Application of the FAMILY STYLE RESTAURANT, INC.**

**Appeal of the FAMILY STYLE RESTAURANT, INC.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1983.

Decided Dec. 23, 1983.

Gary G. Krafft, Lancaster, for appellant.

James H. Thomas, Lancaster, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

On April 4, 1980, appellant Family Style Restaurant, Inc., applied to the Pennsylvania Liquor Control Board for a retail restaurant liquor license under the "resort area" exception of the Liquor Code, Act of April 12, 1951, P.L. 90, as amended, 47 P.S. § 4-461(b). Following a hearing, at which appellee Lancaster County Tavern Owners Association was represented by counsel and presented testimony in opposition to the application, the Board approved the issuance of the license on December 23, 1980. The Association then appealed the Board's decision to the Court of Common Pleas of Lancaster County, which dismissed the appeal on the ground that the Association did not come within any of the specified classes of persons permitted to appeal under the Liquor Code. See 47 P.S. §§ 4-404 and 4-464. On appeal, the Commonwealth Court, stating that it was "reluctantly" following this Court's decision in *Application of El Rancho Grande, Inc.*, 496 Pa. 496, 437 A.2d 1150 (1981), held that the Association had standing to appeal under the Administrative Agency Law, 2 Pa.C.S. § 701 et seq. Consequently, the Commonwealth Court vacated the order of the court of common pleas, and remanded the case to that court for consideration of the merits. 67

Pa.Cmwlth. 361, 447 A.2d 350 (1982). We granted appellant's petition for allowance of appeal and now reverse.

The Administrative Agency Law provides, in relevant part:

Section 701 *Scope of Subchapter*

(a) General rule.—Except as provided in subsection (b), this subchapter shall apply to all Commonwealth agencies regardless of the fact that a statute expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review.

(b) Exceptions.—None of the provisions of this subchapter shall apply to:

. . . . .

(2) Any appeal from a Commonwealth agency which may be taken initially to the courts of common pleas under 42 Pa.C.S. § 933 (relating to appeals from government agencies).

Section 702 *Appeals*

Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

In *El Rancho Grande* this Court held that individual tavern owners who sought to challenge the necessity of an additional liquor license in a resort area had standing under section 702 to appeal the Board's approval of the license application even though the tavern owners were not among the classes of persons authorized to appeal under the Liquor Code.* Contrary to the view of the Commonwealth

* Section 464 of the Liquor Code, 47 P.S. § 4–464, sets forth the specific classes of persons and institutions permitted to appeal from the Board's determination to grant or refuse a license:

"Any applicant who has appeared before the board or any agent *t* thereof at any hearing, as above provided, who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license may appeal, or any church, hospital, charitable institution, school or public playground located within three hun-

Court in the present case, our decision in *El Rancho Grande* was in no respect inconsistent with section 701(b)(2), which excludes from the operation of the Administrative Agency Law those appeals which may be taken initially to the courts of common pleas under 42 Pa.C.S. § 933. Although section 933(a)(1)(v) confers jurisdiction upon the courts of common pleas of appeals from "determinations of the Pennsylvania Liquor Control Board appealable under ... the Liquor Code," that Code, as noted, limits the classes of persons and institutions permitted to appeal. Because the individual tavern owners in *El Rancho Grande* were not among the classes specified in the Liquor Code, the Board's determination was not, as to the tavern owners, appealable under the Liquor Code to the court of common pleas pursuant to 42 Pa.C.S. § 933. Thus, the exclusion contained in section 701(b)(2) did not apply to the tavern owners, and their appeal should have been taken directly to the Commonwealth Court under section 702 of the Administrative Agency Law. See 42 Pa.C.S. § 763(a) (jurisdiction of appeals from government agencies under § 702 vested in Commonwealth Court). See also *Official Court Reporters of the Court of Common Pleas of Philadelphia v. Pennsylvania Labor Relations Board*, 502 Pa. 518, 467 A.2d 311 (1983) (plurality opinion).

 That the Administrative Agency Law provides a right of appeal in addition to that provided by the Liquor Code does not, of course, mean that any person dissatisfied with a Board decision is entitled to appeal. By its express terms, section 702 applies only to "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a

dred feet of the premises applied for, aggrieved by the action of the board in granting the issuance of any such license or the transfer of any such license, may take an appeal limited to the question of such grievance, within twenty days from date of refusal or grant, to the court of quarter sessions of the county in which the premises applied for is located or the county court of Allegheny County...."
On the basis of section 404 of the Code, inhabitants of the neighborhood within five hundred feet of an establishment which has successfully sought a license have also been granted standing to appeal. See *Gismondi Liquor License Case*, 199 Pa.Super. 619, 186 A.2d 448 (1962).

direct interest in such adjudication." As we observed in *Wm. Penn Parking Garage v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975),

> "[t]he core concept ... is that a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge. In particular, it is not sufficient for the person claiming to be 'aggrieved' to assert the common interest of all citizens in procuring obedience to the law."

464 Pa. at 192, 346 A.2d at 280–81 (plurality opinion). Moreover, "the relationship between the challenged action and the asserted injury must be direct and immediate, not a remote consequence." *Independent State Store Union v. Pennsylvania Liquor Control Board,* 495 Pa. 145, 154, 432 A.2d 1375, 1380 (1981). Accord, *Application of El Rancho Grande,* supra.

In *El Rancho Grande,* the record contained testimony sufficient to support a finding that one or more of the individual tavern owners would be driven out of business by the presence of an additional licensee. Such an alleged injury, we concluded, was clearly both substantial and particular to the tavern owners and served to make them " 'reliable private attorney[s] general to litigate the issues of the public interest...,' " notwithstanding their position as competitors of the applicant for a new license. 496 Pa. at 508, 437 A.2d at 1156, quoting *Association of Data Processing Service Organizations v. Camp,* 397 U.S. 150, 154, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970). Accordingly, we held that the individual tavern owners had standing to challenge the Board's action in approving the license application. At the same time, we denied standing to the Tioga-Potter Tavern Owners Association, which had also appealed, noting that the Association had not appeared as a protestant at the initial hearing before the Board, and had sought merely to allege the same injuries that had already been alleged by the individual tavern owners.

■ Appellee Lancaster County Tavern Owners Association contends that, unlike the Tioga-Potter Tavern Owners Association, it should be granted standing because it was represented at the Board's hearing on appellant's application and because it has alleged injuries on behalf of the individual members of the Association rather than simply duplicating their efforts. Nowhere, however, has the Association demonstrated that it or its members are "aggrieved" within the meaning of the Administrative Agency Law and our case law. Unlike the individual tavern owners in *El Rancho Grande*, the Association presented no evidence at the Board hearing that any of its members would suffer direct and substantial harm as a result of the approval of a new liquor license. Aside from the testimony of one Association witness who stated that the granting of an additional license might adversely affect some of his competitors' businesses, though not his own, all of the Association witnesses' testimony concerned the questions of whether any customers would want to drink alcoholic beverages with a "family style" Pennsylvania Dutch meal and whether any area restaurants were presently equipped to serve both family style meals and alcoholic beverages. In its "Petition on Appeal" to the court of common pleas, the Association alleged simply that it was "aggrieved." And in its brief to this Court, the Association has alleged only that the granting of an additional license will cause it economic injury as an association, without explaining how the Association will be financially harmed by the approval of the license application of a potential new member of the Association. In short, unlike the individual tavern owners in *El Rancho Grande*, the Association has failed to establish, on either its own or its members' behalf, the type of substantial, direct, and immediate interest in the Board's action necessary to confer standing to appeal under the Administrative Agency Law. Accordingly, the order of the Commonwealth Court is reversed.

Order reversed.

NIX and HUTCHINSON, JJ., concur in the result.