611 A.2d 202

MARITIME MANAGEMENT, INC., Appellant,

v.

PENNSYLVANIA LIQUOR CONTROL BOARD,

and

Pennsylvania Power and Light Company, Palmyra Township, Pike County, and Paupack Township, Wayne County, Intervenors.

Supreme Court of Pennsylvania.

Submitted May 4, 1992.

Decided June 17, 1992.

Timothy B. Fisher, Gouldsboro, for appellant.

Leonard R. Omolecki, Jr., Nanticoke, for PLCB.

Murray Milkman, Allentown, for PP & L.

Raymond A. Waldron, III, Hawley, for Palmyra Twp.

Richard B. Henry, Honesdale, for Paupack Twp.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from a memorandum opinion and order of the Commonwealth Court which granted a

motion to quash an appeal taken by Maritime Management, Inc. (Maritime) following a decision of the Pennsylvania Liquor Control Board (PLCB). The PLCB decision, rendered March 30, 1990, denied Maritime's request for a public service liquor license. Maritime sought the license in order to serve liquor on a cruise vessel known as the "Spirit of Paupack" which operates on Lake Wallenpaupack, situated in Pike and Wayne Counties. In denying the request, the PLCB held that "the granting of this license would adversely impact on the neighboring communities and that in the reasonable exercise of the discretion authorized by Section 408(b) of the Liquor Code, the said application for [a] new public service liquor license should be refused." Maritime filed a petition for review in the Commonwealth Court. Paupack Township and Palmyra Township intervened, as did Pennsylvania Power and Light, the owner of Lake Wallenpaupack. The intervenors were all opposed to issuance of the proposed liquor license.

Paupack Township filed a motion to quash the appeal. Commonwealth Court granted the motion, relying upon Section 408(b) of the Liquor Code, 47 P.S. § 4–408(b), which provides that PLCB decisions regarding the issuance of liquor licenses to steamship companies are not subject to appeal. In 47 P.S. § 4–408(b), it is provided:

(b) For the purpose of considering an application by a steamship or airline company for a public service liquor license, the board may cause an inspection of the steamship or vessel or aircraft for which a license is desired. The board may, in its discretion, grant or refuse the license applied for and *there shall be no appeal from its decision,* except that an action of mandamus may be brought against the board in the manner provided by law.

(Emphasis added). Commonwealth Court viewed this provision as according absolute discretion to the PLCB over the grant or refusal of steamship liquor license applications, subject only to judicial review in the form of actions for mandamus. Inasmuch as the petition for review filed by Maritime was not an action for mandamus, the appeal was quashed.

It is asserted by Maritime that Section 408(b) of the Liquor Code does not govern the right to take an appeal in this case, as this was not an appeal allowed under the Code but rather was an appeal permitted under the Administrative Agency Law, 2 Pa.C.S. §§ 701, 702. We agree.

■ In 2 Pa.C.S. § 702, a right of appeal is provided for any person aggrieved by an adjudication of a Commonwealth agency:

> Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

The Administrative Agency Law expressly provides that appeals taken thereunder are to proceed notwithstanding prohibitions on appeals set forth in other statutes, such as, for example, Section 408(b) of the Liquor Code, supra. Specifically, Subchapter A of the Administrative Agency Law, entitled "Judicial Review of Commonwealth Agency Action," provides in pertinent part:

> (a) **General rule.**—Except as provided in subsection (b), this subchapter shall apply to all Commonwealth agencies *regardless of the fact that a statute expressly provides that there shall be no appeal* from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review.

> (b) **Exceptions.**—None of the provisions of this subchapter shall apply to:

> . . . .

> (2) Any appeal from a Commonwealth agency which may be taken initially to the courts of common pleas under 42 Pa.C.S. § 933 (relating to appeals from government agencies).

2 Pa.C.S. § 701 (emphasis added).

Hence, unless the exceptions set forth in subsection (b) are applicable, there is a right of appeal under subsection (a). The exceptions do not, however, apply to the present case.

The only conceivably applicable one would have been that set forth in subsection (b)(2), supra, relating to appeals that can be taken initially to the courts of common pleas under 42 Pa.C.S. § 933. The present appeal is not one that could have been taken under that provision, however, because 42 Pa.C.S. § 933 provides for appeals to be taken to the courts of common pleas from "[d]eterminations of the Pennsylvania Liquor Control Board *appealable under* the act of April 12, 1951 (P.L. 90, No. 21), known as the 'Liquor Code,' . . . ." 42 Pa.C.S. § 933(a)(1)(v) (emphasis added). The present PLCB decision was plainly not "appealable under" the Liquor Code, due to the prohibition on such appeals found in the Code at 47 Pa.C.S. § 4–408(b), supra. Hence, the right of appeal set forth in 2 Pa.C.S. §§ 701(a), 702 is not negated by any of the exceptions found in 2 Pa.C.S. § 701(b).

█ It is well established that the right of appeal set forth in the Administrative Agency Law, 2 Pa.C.S. §§ 701(a), 702 exists separately from, and in addition to, any right of appeal provided in the Liquor Code. *Application of Family Style Restaurant, Inc.,* 503 Pa. 109, 113, 468 A.2d 1088, 1090 (1983) ("[T]he Administrative Agency Law provides a right of appeal in addition to that provided by the Liquor Code . . . ."); *Application of El Rancho Grande, Inc.,* 496 Pa. 496, 437 A.2d 1150 (1981). In *Family Style Restaurant, Inc.,* 503 Pa. at 112–13, 468 A.2d at 1089–90, we described the basis for allowing appeals to proceed under the Administrative Agency Law in cases where, as here, appeals are not permitted under the Liquor Code:

In *El Rancho Grande* [supra] this Court held that individual tavern owners who sought to challenge the necessity of an additional liquor license . . . had standing under section 702 to appeal the Board's approval of the license application even though the tavern owners were not among the classes of persons authorized to appeal under the Liquor Code . . . . [O]ur decision in *El Rancho Grande* was in no respect inconsistent with section 701(b)(2), which excludes from the operation of the Administrative Agency Law those appeals which may be taken initially to the courts of common pleas

under 42 Pa.C.S. § 933. Although section 933(a)(1)(v) confers jurisdiction upon the courts of common pleas of appeals from "determinations of the Pennsylvania Liquor Control Board appealable under ... the Liquor Code," that Code, as noted, limits the classes of persons and institutions permitted to appeal. Because the individual tavern owners in *El Rancho Grande* were not among the classes specified in the Liquor Code, the Board's determination was not, as to the tavern owners, appealable under the Liquor Code to the court of common pleas pursuant to 42 Pa.C.S. § 933. Thus, the exclusion contained in section 701(b)(2) did not apply to the tavern owners, and their appeal should have been taken directly to the Commonwealth Court under section 702 of the Administrative Agency Law. See 42 Pa.C.S. § 763(a) (jurisdiction of appeals from government agencies under § 702 vested in Commonwealth Court).

(Footnote omitted). Hence, as recognized in *Family Style Restaurant* and *El Rancho Grande,* provisions in the Liquor Code disallowing appeals do not bar appeals taken under the Administrative Agency Law, 2 Pa.C.S. §§ 701(a), 702.

■ We find no merit in the contention of the PLCB that Section 4–408(b) of the Liquor Code, supra, was intended by the legislature to supersede the right of appeal set forth in the Administrative Agency Law. Although the Liquor Code was reenacted by the legislature on June 29, 1987, and the Administrative Agency Law provisions in question, 2 Pa.C.S. §§ 701(a), 702 were enacted prior thereto, on April 28, 1978, there is no basis for belief that the legislature intended the Liquor Code to, in effect, repeal the Administrative Agency Law insofar as rights to appeal are concerned.

When two statutes are in conflict, the one most recently enacted is ordinarily the one that must prevail. See 1 Pa.C.S. § 1936 ("Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail."). Such a conflict is not present in this case, however, for the two statutes in question are applicable to entirely separate subject matters. The Liquor Code addresses appeals that can

be brought *under* the Code, while the Administrative Agency Law sets forth a separate, additional, right of appeal. The latter statute clearly provides that it shall override any other law that prohibits an appeal, to wit, that an appeal shall be allowed "regardless of the fact that a statute expressly provides that there shall be no appeal," 2 Pa.C.S. § 701(a), supra. Thus, the Administrative Agency Law expressly contemplates that other statutes will differ insofar as appellate rights are concerned, and it expresses explicit legislative intent that it shall prevail.

In addition, the Judicial Code sets forth a similar right of appeal, and this right is applicable to final orders of Commonwealth agencies such as the PLCB. In 42 Pa.C.S. § 5105(a), it is provided:

(a) **General rule.**—There is a right of appeal under this subsection from the final order (including an order defined as a final order by general rule) of every:

. . . .

(2) Government unit which is an administrative agency within the meaning of section 9 of Article V of the Constitution of Pennsylvania to the court having jurisdiction of such appeals. An order is appealable under this paragraph notwithstanding the fact that it is not appealable under Chapter 7 of Title 2 (relating to judicial review).

In short, although the Liquor Code did not provide a basis for the appeal taken by Maritime, the appeal was nevertheless proper under the statutory rights of appeal found in the Administrative Agency Law and the Judicial Code. The order granting the motion to quash must, therefore, be reversed, and the case must be remanded for consideration of the merits of the appeal.

Order reversed, and case remanded.