**TEAZERS, INC., Petitioner,**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 11, 1995.
Decided June 27, 1995.

---

5. Section 11–1125.1(d)(2) of the Public School Code.

Edward A. Taraskus, for petitioner.

Robin Coward, Asst. Counsel, for respondent.

Before COLINS, President Judge, and SMITH, J., and SILVESTRI, Senior Judge.

SMITH, Judge.

Teazers, Inc. (Licensee) appeals from an order of the Pennsylvania Liquor Control Board (PLCB) which denied Licensee's application for renewal of an amusement permit. Licensee's appeal was originally filed in the Court of Common Pleas of Philadelphia County which transferred the matter to this Court by order dated June 2, 1994. The issues raised by Licensee include, among others, whether the PLCB lacked statutory authority, committed an error of law or abused its discretion in refusing to renew Licensee's amusement permit; and whether the PLCB denied Licensee procedural due process by failing to provide it with an evidentiary hearing before refusing to renew its amusement permit.

I.

The Bureau of Liquor Control Enforcement conducted investigations of the licensed premises and issued two citations to Licensee for permitting lewd, immoral or improper entertainment in the licensed premises in violation of Section 493(10) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–493(10), and for permitting an entertainer to have contact or associate with patrons in violation of PLCB regulations.[1] A hearing was conducted before an administrative law judge who determined that Licensee committed the aforementioned violations and imposed fines. By letter dated October 1, 1993, the Director of the Bureau of Licensing (Director of Licensing) warned Licensee that due to its citation record, its next application for renewal would "undergo further intense review and close scrutiny" to determine whether Licensee had abused the privilege of holding a liquor license.

On or after August 31, 1993, Licensee submitted an application for renewal of its restaurant liquor license and amusement permit for the one-year period beginning November 1, 1993. By letter dated October 20, 1993, the Director of Licensing notified Licensee that the PLCB objected to the renewal of its "license and any other permits" pending tax clearance from the Departments of Revenue and Labor and Industry, and that it specifically objected to the renewal of the amusement permit due to Licensee's citation record. The letter further provided that Licensee could request a formal hearing within twenty days pursuant to Section 464 of the Liquor Code, 47 P.S. § 4–464 and 40 Pa.Code § 3.41 (both governing appeals from refusals of liquor license renewals.)

By letter dated October 28, 1993, the Director of Licensing informed Licensee that the restaurant liquor license would be renewed on the condition that Licensee obtained the appropriate tax clearance, but that due to Licensee's citation record, the amuse-

---

1. Formerly 40 Pa.Code § 5.32(d). This provision has been rewritten and is now found at 40 Pa. Code § 5.32(c).

ment permit would not be renewed. The letter also acknowledged receipt of Licensee's request for a formal hearing before the PLCB. The hearing was conducted before a hearing examiner who recommended renewal of the amusement permit, concluding that Licensee would otherwise suffer a significant loss of business and financial harm. The PLCB determined, however, that Licensee's amusement permit should not be renewed.

Licensee appealed to the Court of Common Pleas of Philadelphia County, which transferred the case to this Court stating that because the Liquor Code did not expressly provide a statutory appeal for the refusal to renew an amusement permit, jurisdiction lies in the Commonwealth Court under the Administrative Agency Law, citing *Maritime Management, Inc. v. Pennsylvania Liquor Control Board,* 531 Pa. 95, 611 A.2d 202 (1992). The trial court noted, however, that *Pennsylvania Liquor Control Board v. Sherman,* 129 Pa.Commonwealth Ct. 523, 566 A.2d 362 (1989), *appeal denied,* 526 Pa. 643, 584 A.2d 324 (1990), contained a contrary proposition and would permit the court of common pleas to hear the appeal. The merits of Licensee's appeal cannot be addressed because of this Court's disposition of the jurisdictional question involved.

## II.

Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702 provides that "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 [the Judicial Code]." Section 763 of the Judicial Code, 42 Pa.C.S. § 763, provides that the Commonwealth Court has exclusive jurisdiction for direct appeals from

final orders of government agencies except for appeals under Section 933 of the Judicial Code, 42 Pa.C.S. § 933. Section 933 generally provides that appeals from PLCB determinations pursuant to the Liquor Code shall be made to the courts of common pleas with venue. 42 Pa.C.S. § 933(a)(1)(v).[2]

Where an appeal cannot be taken pursuant to the Liquor Code, such as where the appeals are expressly precluded[3] or where the person aggrieved by the decision has no right to appeal under the Liquor Code, the Pennsylvania Supreme Court has held that an appeal may be taken pursuant to Sections 701 and 702 of the Administrative Agency Law, 2 Pa.C.S. §§ 701 and 702, and jurisdiction would accordingly rest in the Commonwealth Court. *Maritime Management, Inc.; See also Application of El Rancho Grande, Inc.,* 496 Pa. 496, 437 A.2d 1150 (1981) (where individual tavern owners in the community were permitted to appeal the PLCB's decision to the Commonwealth Court under Administrative Agency Law because they were not among the class of individuals with a statutory right of appeal under the Liquor Code).

Clearly, the Liquor Code provides that jurisdiction for an appeal from the refusal of a restaurant liquor license renewal lies in the court of common pleas. Section 464 of the Liquor Code, 47 P.S. § 4-464. At the time of the present appeal, the Liquor Code did not expressly set forth a procedure for appealing from the refusal of an amusement permit renewal.[4] A determination must therefore be made as to whether an appeal from a refusal of an amusement permit is an appeal pursuant to the Liquor Code. In other words, whether the amusement permit is separate from or ancillary to a liquor license. If the present appeal is one pursuant to the Liquor Code, then jurisdiction lies

---

**2.** There are three exceptions to Section 933(a)(1)(v) of the Judicial Code. Appeals from determinations regarding the following sections of the Liquor Code must be taken to the Commonwealth Court: Sections 433 (public service licenses), 444 (malt or brewed beverages manufactured outside this Commonwealth), and 710 (distillery certificate broker permits) of the Liquor Code, 47 P.S. §§ 4-433, 4-444, and 7-710.

**3.** *See e.g.,* Section 408 of the Liquor Code, 47 P.S. § 4-408 (regarding public service liquor licensees).

**4.** The legislature has since amended the Liquor Code by including a reference to amusement permits in Section 464, and by adding Section 478, 47 P.S. § 4-478, entitled "Renewal of amusement permit." *See* Act of October 5, 1994, P.L. 522, No. 77.

in the court of common pleas under Section 933(a)(1)(v) of the Judicial Code; if there is no right to appeal pursuant to the Liquor Code, then jurisdiction lies in this Court under the Administrative Agency Law.

### III.

The Liquor Code was enacted for the protection of the public welfare, health, peace and morals of Commonwealth residents. *Tahiti Bar, Inc.*, 395 Pa. 355, 150 A.2d 112, *appeal dismissed,* 361 U.S. 85, 80 S.Ct. 159, 160, 4 L.Ed.2d 116 (1959). The PLCB is specifically empowered to grant, issue, suspend and revoke all licenses and permits authorized by the Liquor Code. 47 P.S. § 2-207(d); *Alfred M. Lutheran Distribs., Inc. v. A.P. Weilersbacher, Inc.*, 437 Pa.Superior Ct. 391, 650 A.2d 83 (1994). "One who accepts such license must be deemed to consent to all proper conditions and restrictions which have been or may be imposed by the legislature in the interest of public morals or safety." *Hyland Enterprises, Inc. v. Pennsylvania Liquor Control Board,* 158 Pa.Commonwealth Ct. 283, 287, 631 A.2d 789, 791 (1993).

When a licensed establishment wishes to provide entertainment such as dancing, theatricals, floor shows, or moving pictures other than television, the PLCB requires that the establishment obtain an amusement permit. *See* Section 493(10) of the Liquor Code, 47 P.S. § 4-493(10). An amusement permit may be issued only to a liquor licensee, and expires upon expiration of the liquor license. *See* 40 Pa.Code § 5.31(a)(1), (2). The PLCB issues amusement permits under the guidelines set forth in 40 Pa.Code §§ 5.31 and 5.32, and to renew an amusement permit, the licensee must check one of four boxes on the second page of the liquor license renewal application form.

In *Cavanaugh v. Gelder,* 364 Pa. 361, 72 A.2d 85, *cert. denied,* 340 U.S. 822, 71 S.Ct. 55, 95 L.Ed. 604 (1950), the Pennsylvania Supreme Court stated that an amusement permit is not a separate and distinct category, rather, a liquor licensee is merely granted an additional privilege of offering certain forms of entertainment to patrons. Establishing separate judicial review of a license

denial and a permit denial would be untenable because if both were denied, two appeals would be necessary from a single order: the denial of the liquor license would be appealed to a court of common pleas under 47 P.S. § 4-464, *see Beach Lake United Methodist Church v. Pennsylvania Liquor Control Board,* 126 Pa.Commonwealth Ct. 71, 558 A.2d 611 (1989), while the denial of the amusement permit would be appealed simultaneously to this Court under 2 Pa.C.S. § 704.

Not only is there a possibility of inconsistent results, there is also the possibility that such a bifurcation of appeals would render the reviewing court incapable of awarding the requested relief. For example, if the court of common pleas determined that the liquor license should have been granted, the court would be unable to award the full relief requested because it would have no jurisdiction to rule on the amusement permit. If, on the other hand, the court of common pleas determined that the liquor license was properly denied, then the appeal from the denial of the amusement permit to this Court would be moot because there can be no amusement permit granted without the underlying liquor license.

An analogous situation is found in Sunday sales permits which are renewed in the same manner as an amusement permit—by checking a box on the second page of the liquor license renewal application. This Court has held that the PLCB had the power to revoke a Sunday sales permit even though not expressly set forth in the Liquor Code because the permit was merely ancillary to a liquor license:

> Since issuance of a liquor license is a prerequisite to the issuance of a Sunday Sales Permit, ... inherent in an ALJ's power to suspend or revoke a liquor license is his or her power to suspend or revoke a Sunday Sales Permit.

> This is true even though section 471 does not expressly set forth this power because, given the permit's ancillary nature, no other conclusion is reasonable or could logically have been intended by the legislature.... [T]o determine otherwise

would ... force the ALJ and the Board to suspend or revoke a liquor license in order to meet their true goal—suspension or revocation of a Sunday Sales Permit. *Shenanigans of Lake Harmony, Inc. v. Pennsylvania Liquor Control Board,* —— Pa.Commonwealth Ct. ——, ——, 654 A.2d 166, 169–170 (1995).

Similarly, an amusement permit is ancillary to a liquor license. *See Cavanaugh; Shenanigans of Lake Harmony, Inc.* The fact that the Liquor Code does not expressly provide the PLCB with authority to refuse renewal of an amusement permit is not determinative. This Court holds that the authority of the PLCB to refuse renewal of an amusement permit is inherently provided by 47 P.S. § 4–470 which governs the authority of the PLCB to refuse renewal of a liquor license. Therefore, an appeal from the denial of an amusement permit is an appeal pursuant to the Liquor Code, and Section 933 of the Judicial Code mandates that jurisdiction lies with the court of common pleas.[5] Because jurisdiction over Licensee's appeal from the PLCB's denial of Licensee's amusement permit properly lies in the Court of Common Pleas of Philadelphia County, its transfer order is reversed and this matter is remanded to that court to hear Licensee's appeal.

### ORDER

AND NOW, this 27th day of June, 1995, it appearing that Commonwealth Court lacks jurisdiction to hear the appeal of Teazers, Inc. and that the appeal is before this Court upon transfer order from the Court of Common Pleas of Philadelphia County, the order of the Court of Common Pleas is hereby reversed and this case is remanded to the court to dispose of Licensee's appeal. 42 Pa.C.S. §§ 933, 5103.

**5.** Contrary to the trial court's determination, *Maritime Management, Inc.* is not controlling because the Liquor Code explicitly prohibited the appeal under Section 408(b), 47 P.S. § 4–408(b), thereby rendering Section 933 of the Judicial Code inapplicable. The Administrative Agency Law provided the only avenue of appeal. *See* Section 933 of the Judicial Code and Section 702 of the Administrative Agency Law.