OPINION BY
JUDGE COVEY
Giant Food Stores, LLC (Giant) appeals from the Chester County Common Pleas Court’s (trial, court) June 23, 2016 order granting Penn Township’s (Township) motion to quash (Motion) Giant’s appeal from the Township’s denial of Giant’s request for an intermunicipal transfer of a restaurant liquor license (License). There are two issues before this Court:1 (1) whether the trial court erred by quashing an appeal brought under the Local Agency Law.;2 and, (2) whether the trial court erred by concluding that Giant’s appeal was premature, and that Giant must first submit an intermunicipal transfer application to the Pennsylvania Liquor Control Board (PLCB) without the statutorily-mandated municipal approval, and then appeal from the PLCB’s denial of the application under the Pennsylvania Liquor Code.3 After review, we reverse and remand for further proceedings,4
By February 26, 2016 letter, Giant notified the Township that Giant had entered into an agreement to purchase the License. Giant requested the Township’s.approval to transfer the License from Tre-dyffrin Township to the Giant store located in the Township. at 849 West Baltimore Street.
To transfer a liquor license into a municipality which has exceeded its statutory liquor license quota, as occurred-in the present case, Section 461 (b.3) of the Liquor Code,5 requires an application to be accompanied by the receiving municipality’s resolution or ordinance approving the transfer. On April 6, 2016, in accordance with Section 461(b.3) of the Liquor Code, the Township’s Board of Supervisors (Board) held a hearing on Giant’s transfer request. Giant presented testimony detailing its plans to operate a restaurant at the grocery store and sell beer for on-premises and off-premises consumption. Thereafter, the Board invited public comment. The only resident in attendance at the hearing commented:
I have been around a while. All I want to do is address the Township. I sat on that Board for 36 years and we here in [the] Township kind of have our roots in the Quaker tradition and beer sales and things of that nature kind of come hard to the old residents, which I’m one.
And so just a thought — the only thing that comes to mind in creating this restaurant or package store is the fact that the parking in the Giant right now is *255overwhelming because there- is a tremendous amount of business in Giant. I go there quite regularly and when I go it’s hard to find a parking place. I’m 86 years old, so trying to get around sometimes is not exactly what you young guys are able to do, but to walk from the Giant to my car sometimes — if I can find a parking space, and this is the truth, it’s normally packed. And if you come [on] the holidays, or anything like that, there is no parking. It’s overwhelming.
It’s not only the Giant that does a good business, but most of the businesses in that shopping center are attended, so it’s a good business, and I think that the Giant has a wonderful business there, and they really don’t need a package store to create more problems out in'the parking lot.
Reproduced Record (R.R.) at 32a-33a. The Board concluded the hearing and, later that day, adopted a resolution denying Giant’s transfer request,6
Notwithstanding that Section 461(b.3) of the Liquor Code provides no right of appeal from a municipality’s denial of a liquor license transfér, on April 22, 2016, Giant appealed from the Board’s decision to the trial court under the Local Agency Law, which does authorize appeals from local agency adjudications even where a statute explicitly denies such right.
On May 6, 2016, the Township filed its Motion. On June 23, 2016, the trial court granted the Motion and quashed Giant’s appeal as premature. Specifically, the trial court held that Giant must apply to the PLCB to transfer the License without first obtaining the necessary municipal approval, wait for the PLCB to deny the application, and then appeal from the PLCB’s decision pursuant to Section 464 of the -Liquor Code,7 which authorizes appeals from PLCB decisions to the trial court. Giant appealed to this Court.8
Giant first argues that the trial court erred by granting the Township’s Motion because Giant’s appeal was filed under the Local Agency Law. We agree.
Section 461(b,3) of the Liquor Code states:
An intermunicipal transfer of a license or issuance of a license for economic development under subsection (b.l)(2)(i) must first be approved by the governing body of the receiving municipality when the total number of existing restaurant liquor licenses and eating place retail dispenser licenses in the receiving municipality equal or exceed one license per three thousand inhabitants. Upon request for approval of an intermuni-cipal transfer of a license ... by an applicant,, at least one public hearing shall be held by the municipal governing body for the purpose of. receiving comments and recommendations of interested individuals residing within the municipality concerning the applicant’s intent to transfer a license into the municipality .... The governing body shall, within forty-five days of a request for approval, render a decision by ordinance or resolution to approve or disapprove the applicant’s request for an intermunicipal transfer of a *256license ... The municipality may approve the request. A decision by the governing body of the municipality to deny the request may not be appealed. A copy of the approval must be submitted with the license application. ... Failure by the governing body of the municipality to render a decision within forty-five days of the applicant’s request for approval shall be deemed an approval of the application in terms as presented unless the governing body has notified the applicant in writing of them election for an extension of time not to exceed sixty days. Failure by the governing body of the municipality to render a decision within the extended time period shall be deemed an approval of the application in terms as presented.
47 P.S. § 4-461(b.3) (bold and italic emphasis added).9
Although Giant agrees that the Liquor Code expressly prohibits an appeal from the Township’s denial of its intermunicipal liquor license transfer application, it contends that it may appeal from that denial under the Local Agency Law, in accordance with our Supreme Court’s decision in Maritime Management, Inc. v. Pennsylvania Liquor Control Board, 531 Pa. 95, 611 A.2d 202 (1992).
Section 751 of the Local Agency Law provides:
(a) General rule. — Except as provided in subsection (b), this subchapter shall apply to all local agencies regardless of the fact that a statute expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review.
(b) Exception. — The provisions of this subchapter shall apply to any adjudication which under any existing statute may be appealed to a court of record, but only to the extent not inconsistent with such statute.
2 Pa.C.S. § 751 (text emphasis added). Section 752 of the Local Agency Law states:
Any person aggrieved by an adjudication of-a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such *257appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).
2 Pa.C.S. § 752 (emphasis added).10
In Maritime Management, a steamship company applied for a public service liquor license. The PLCB refused the application, holding that the granting of the license would negatively impact the neighboring communities. The applicant appealed to this Court pursuant to the Administrative Agency Law.11 The township filed a motion to quash the appeal, citing Section 408(b) of the Liquor Code, which provides:
For the purpose of considering an application by a steamship or airline company for a public service liquor license, the [PLCB] may cause an inspection of the steamship or vessel or aircraft for which a license is desired. The [PLCB] may, in its discretion, grant or refuse the license applied for and there shall be no appeal from its decision, except that an action of mandamus may be brought against the [PLCB] in the manner provided by law.
47 P.S. § 4-408(b) (emphasis added). This Court granted the motion to quash. On appeal, the Supreme Court reversed this Court, relying on Sections 701(a) and 702 of the Administrative Agency Law.12 Our Supreme Court held:
It is well established that the right of appeal set forth in the Administrative Agency Law, 2 Pa.C.S. §§ 701(a), 702 exists separately from, and in addition to, any right of appeal provided in the Liquor Code. Application of Family Style Rest[.l Inc,, 503 Pa. 109, 468 A.2d 1088, 1090 (1983) (‘[T]he Administrative Agency Law provides a right of appeal in addition to that provided by the Liquor Code. ...’); Application of El Rancho Grande, Inc,, 496 Pa. 496, 437 A.2d 1150 (1981).
Mar. Mgmt., Inc., 611 A.2d at 204 (bold and italic emphasis added). The Maritime Management Court concluded:
[A]s recognized in Family Style Restaurant and El Rancho Grande, provisions in the Liquor Code disallowing appeals do not bar appeals taken under the Administrative Agency Law, 2 Pa. C.S. §§ 701(a), 702.
We find no merit in the contention of the PLCB that Section 4-408(b) [sic] of the Liquor Code ... was intended by the legislature to supersede the right of appeal set forth in the Administrative Agency Law. Although the Liquor Code was reenacted by the legislature on June 29,1987, and the Administrative Agency Law provisions in question, 2 Pa.C.S. §§ 701(a), 702 were enacted prior thereto, on April 28, 1978, there is no basis for belief that the legislature intended the Liquor Code to, in effect, repeal the Administrative Agency Law insofar as rights to appeal are concerned.
*258When two statutes are in conflict, the one most recently enacted is ordinarily the one that must prevail. See 1 Pa.C.S. § 1936 (Whenever the provisions of two or more .statutes enacted-finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail.’). Such a conflict is not present in this case, however, for the two statutes in question are applicable to entirely separate subject matters. The Liquor Code addresses appeals that can be brought under the Code, while the Administrative Agency Law sets forth a séparate, additional, right of appeal. The latter statute clearly provides that it shall override any other law that prohibits an appeal, to wit, that an appeal shall be allowed ‘regardless of the fact that a statute expressly provides that there shall be no appeal,’ 2 Pa.C.S. § 701(a), supra. Thus, the Administrative Agency Law expressly contemplates that other statutes will differ insofar as appellate rights are concerned, and it expresses explicit legislative intent that it shall prevail.
[[Image here]]
In short, although the Liquor Code did not provide a basis for the appeal taken by Maritime, the appeal was nevertheless proper under the statutory rights of appeal found in the Administrative Agency Law ....
Mar, Mgmt., 611 A,2d at 204-05 (bold emphasis added).13
- Notwithstanding, the Township contends that Maritime Management is inapplicable to the instant matter because the Township’s decision denying the intermunicipal liquor license transfer request is not an adjudication. We disagree.
In SSEN, Inc. v. Borough Council of Eddy stone, 810 A.2d 200 (Pa. Cmwlth. 2002), an en banc panel of this Court explicitly acknowledged that a township’s decision denying an intermunici-pal liquor license transfer under Section 461(b.3) of the Liquor Code is an adjudication, Therein, this Court' affirmed a trial court’s order sustaining the applicant’s appeal from the borough’s refusal to approve an intermunicipal liquor license transfer application. Referencing the nature of the *259appeal from the borough’s- denial, this Court stated:- “[W]e are dealing with an appeal from an adjudication of a local agency[.]” SSEN, Inc., 810 A.2d at 206 (emphasis added); see also Boston Concessions Grp., Inc. v. Logan Twp. Bd. of Supervisors, 815 A.2d 8 (Pa. Cmwlth. 2002). Although Section 461(b.3) of the Liquor Code was thereafter amended to remove the right to appeal under the Liquor Code, that change did not alter the nature of the Township’s decision.14 Specifically, the statutory provision denying the right to appeal from the Township’s decision does not define what that decision ⅛.15 Thus, as this Court has explicitly stated, a municipal denial under Section 461(b.3) of the Liquor Code is an adjudication.
This conclusion is further supported by Section 101 of the Administrative Agency Law, 2 Pa.C.S. § 101, the Liquor Code, and case law. Section 101 of the Administrative Agency Law defines' “[a]djudication” as:
Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.
2 Pa.C.S. § 101 (emphasis added). Section 468(d) of the Liquor Code provides that a “license shall constitute a privilege between the [PLCB] and the licensee. As between the licensee and third parties, the license shall constitute property.” 47 P.S. § 4-468(d) (emphasis added).16
The ToWnship contends that Giant is not a licensee and, therefore, there is no privilege at issue. The Township further asserts that, since license approval by the PLCB is not automatic, Giant’s interest is merely speculative. Finally, the Township maintains that “the property interest in this matter is between Giant- and [the current licensee.]” Township’s Br. at 14.
The record reflects that Giant has entered into a contract with the current license holder to purchase the License.17 *260Based on Section 468 of the Liquor Code, the License is property as between Giant and the current licensee. The Township’s denial, therefore, “affect[s] ... property rights” and Giant’s “duties, liabilities [and] obligations” because it affects the contract for Giant’s purchase of the License from the licensee. 2 Pa.C.S. § 101 (emphasis added).18
The Township’s contention that Giant’s interest is purely speculative is also unconvincing. At the time SSEN, Inc. was decided, PLCB approval was similarly “not automatic.” Rather, in addition to the municipality’s right to deny approval where a license would be harmful to the welfare, health, peace and morals of the municipality or its residents, the PLCB could deny approval for any reason set forth in the Liquor Code.19 The SSEN, Inc. Court still characterized the municipality’s decision as an adjudication.20
It is well-established that “[u]nder Pennsylvania law, ‘[w]hen an agency’s decision or refusal to act leaves a complainant with no other forum in which to assert his or her rights, privileges or immunities, the agency’s act is an adjudication.’ ” Bray v. McKeesport Hous. Auth., 114 A.3d 442, 454 (Pa. Cmwlth. 2015) (quoting Montessori Reg’l Charter Sch. v. Millcreek Twp. Sch. Dist., 55 A.3d 196, 201 (Pa. Cmwlth. 2012)). Here, the Township’s decision left Giant with “no other forum in which to assert [its] rights, privileges or immunities[,]” because it could not challenge the Township’s denial. Id. Although Giant could apply to the PLCB for the License transfer, without the statutorily-mandated prerequisite municipal approval, Giant’s application would be fatally flawed, and the PLCB would be statutorily-mandated to reject it. Further, even if the PLCB held a hearing on the application under Section 464 of the Liquor Code, it has no authority to review the Township’s *261decision.21 Thus, absent the right to appeal under the Local Agency Law, the Township’s decision would be insulated from any review. Such unfettered discretion would permit a municipality to deny an intermunicipal transfer of a liquor license for any reason, even an unlawful one. For example, there would be no right to review a municipality’s decision if the municipality routinely denied such license applications to women on the basis of their sex, or to applicants based on their race, national origin, religion or other protected classification.22 The General Assembly could not have intended to permit a municipality to exercise such unfettered discretion, and, thus, provided a check on the municipality’s authority through the Local Agency Law.23 For all of the above reasons, we conclude that Giant was entitled to pursue an appeal from the Township’s decision under the Local Agency Law.24
*262Giant next contends that the trial court erred when it concluded that Giant’s appeal was premature, and' that Giant must first submit an intermunicipal liquor license transfer application to the PLCB without the statutorily-mandated municipal approval, and then appeal from the PLCB’s denial of the application under Section 464 of the Liquor Code.25 We agree.
Section 461(b.3) of the Liquor Code prohibits an appeal under the Liquor Code from a municipality’s decision denying approval of an intermunicipal liquor license transfer. If Giant files an application yrith the PLCB without the required municipal approval, its application will be rejected as failing to comply with the Liquor Code. Any appeal Giant files under Section 464 of th'e Liqüor Code from the PLCB’s denial will address only the propriety of the PLCB’s action — ie., whether the PLCB properly refused the application where municipal approval was not attached (and, as such, the PLCB action will likely be upheld). The PLCB’s decision will not address the merits of the Township’s refusal.
Thus, Giant need not and, in fact, must not wait for the PLCB to ministerially *263refuse its license application to appeal from the Township’s decision. In In re Application for Liquor License of Thomas, 829 A.2d 410 (Pa. Cmwlth. 2003), the applicant applied for an intermunicipal transfer of a liquor license. In accordance with the former Section 461(b.3) of the Liquor Code, the receiving township held a hearing and denied the request. A hearing was held before the PLCB which remanded the matter to the township for another public hearing. Thereafter, the township passed a resolution finding that the proposed transfer would have an adverse impact on the township and denied the application. The applicant' did not appeal from the township’s decision denying the application but, instead, appealed from the PLCB’s denial to the trial court. The trial court granted the township’s petition to intervene and, thereafter, granted the township’s motion to quash. The trial court determined that, pursuant to former Section 461(b.3) of the Liquor Code, the applicant’s appeal was required to be from the township’s decision and not the PLCB’s order.
This Court concluded:
The Liquor Code does not provide an applicant for an intermunicipal transfer with a choice of routes for appeal when the governing body of the receiving municipality denies the transfer. Section 461(b.3) [of the Liquor Code] provides that the appeal from a decision of the municipality denying the transfer is directly to the trial court. Moreover, Section 461(b.3) [of the Liquor Code] provides that a ‘copy of the [municipality’s] approval must be submitted’ to the [P] LCB with the application for transfer. The plain reading of this section is that an applicant for an intermunicipal transfer must either initially obtain approval from the receiving municipality or appeal the denial of the application directly to the trial court.
Section 464 of the Liquor Code ... does provide for an appeal by the receiving municipality from a decision of the [P] LCB to the trial court for a de novo hearing when the [P] LCB grants an in-termunicipal' transfer óf a liquor license. Section 464 [of the Liquor Code] does not, however, similarly provide for an appeal to the trial court from an aggrieved applicant. In fact, this section is silent as to an aggrieved applicant for an intermunicipal transfer. Thus, reading Sections 461(b.3) and 464 [of the Liquor Code] together, the legislative intent is clear that an aggrieved, party seeking an intermunicipal transfer must appeal the receiving municipality’s denial of the transfer directly to the trial court and not wait until the [P] LCB ministerially denies the transfer for lack of municipal approval.
In re Thomas, 829 A.2d at 414 (bold emphasis added).
Section 461(b.3) of the Liquor Code explicitly prohibits an appeal from a municipality’s decision denying an intermunicipal liquor license transfer. Further, Section 464 of the Liquor Code does not afford an aggrieved applicant the right to appeal from the Township’s decision denying the intermunicipal liquor license transfer.26 However, since the Township’s decision is an adjudication, and Giant “must either initially obtain approval from the [Township] or appeal [from] the denial” under Section 752 of the Local Agency Law, Giant here properly appealed from the Township’s decision to the trial court. In re Thomas, 829 A.2d at 414,
For all of the above reasons, the trial court’s order is reversed, and the matter is *264remanded to the trial court for further proceedings in accordance with the Local Agency Law to address the merits of the Township’s denial.
ORDER
AND NOW, this 18th day of July, 2017, the Chester County Common Pleas Court’s June 23, 2016 order is reversed, and the matter is remanded to the trial court for further proceedings in accordance with this opinion.
Jurisdiction is relinquished.

. Giant raised a third issue in its brief: whether the trial court erred in failing to consider that its decision would insulate municipalities from review of arbitrary and capricious decisions. However, that issue is subsumed in this Court’s discussion of Giant's other two issues.

. 2Pa.C.S.§§ 551-555, 751-754.

. Act of'April 12, 1951,- P.L. 90, as amended, 47 P.S..§§ 1-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.

. The PLCB and the Malt Beverage Distributors Association filed amicus briefs.

. Added by Section 9 of the Act of December 20, 2000, P.L, 992, .as amended, 47 P.S. § 4-461(b,3)

. The Board's chairman abstained from voting on the application "[s]o as to avoid any appearance of conflict of interest,” since his family owns a liquor license in the Township. R.R. at 39a.

. 47 P.S. § 4-464.

.“This Court’s standard of review of the trial , court’s order granting a motion to quash plaintiff's. appeal is limited to whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional -rights.” Ray v. Brookville Area Sch. Dist., 19 A.3d 29, 31 n.3 (Pa. Cmwlth, 2011).

, Section 461(b.3) of the Liquor Code was amended to its current form by Section 2 of the Act of November 29, 2006, P.L. 1421. Prior thereto, that section stated:
An intermunicipal transfer of a license or issuance of a license for economic development under subsection (b.l)(2)(i) must first be approved by the governing body of the receiving municipality when the total number of existing restaurant liquor licenses and eating place retail dispenser licenses in the receiving municipality exceed one license per three thousand inhabitants. Upon request for approval of an intermunicipal transfer of a license ... by an applicant, at least one public hearing shall be held by the municipal governing body for the purpose of receiving comments and recommendations of interested individuals residing within the municipality concerning the applicant’s intent to transfer a license into the municipality .... The governing body shall, within forty-five days of a request for approval, render a decision by ordinance or resolution to approve or disapprove the applicant’s request for an intermunicipal transfer of a license .... The municipality must approve the request unless it finds that doing so would adversely affect the welfare, health, peace and morals of the municipality or its residents. A decision by the governing body of the municipality to deny the request may be appealed to the court of common pleas in the county in which the municipality is located. A copy of the approval must be submitted with the license application.
Formerly 47 P.S. § 4 — 461(b.3) (bold and italic emphasis added).

.This Court explained:
Article V, Section 9 of the Pennsylvania Constitution provides (with emphasis added):
There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.
Although this provision is not self-executing, the Local Agency Law was enacted to implement the appeal rights from local agencies set forth in the State Constitution.
DeLuca v. Police Dep’t, 144 A.3d 266, 277 (Pa. Cmwlth. 2016).

. 2 Pa.C.S, §§ 501-508, 701-704.

. Sections 701(a) and 702(a) of the Administrative Agency Law are identical to Sections 751(a) and 752 of the Local Agency Law, except for their application to administrative agencies rather than local agencies.

. Although Maritime Management involved an appeal from the PLCB’s decision denying the public service liquor license application, and the instant appeal is from the Township’s decision denying approval of an intermunici-pal liquor license transfer, both cases involve Liquor Code provisions which expressly deny a right to appeal from an agency decision.
Importantly, like the Supreme Court’s holding in Maritime Management, this Court has held .that the Local Agency Law.provides a right to appeal from a local agency decision even where an appeal from the agency decision is not expressly granted or is otherwise prohibited. In DeLuca v. Hazleton Police Department, 144 A.3d 266 (Pa. Cmwlth.-2016), a towing business was suspended from a municipality’s towing rotation pursuant to the municipality's towing policy for alleged misconduct. This Court held that the towing business was entitled to appeal from the municipality’s decision under the Local Agency Law despite the towing policy’s provision that there was no recourse from a suspension other than through civil litigation, In Bray v, McKeesport Housing Authority, 114 A.3d 442 (Pa. Cmwlth. 2015), 'this Court, en banc, explained:
[Although relevant] provisions do not expressly set forth a right to further appeal, such is not determinative in deciding whether judicial review is available under the Local Agency Law because that 'law was enacted to provide a forum for the enforcement of statutory rights where no procedure otherwise exists.’ Guthrie [v. Wilkinsburg ], [505 Pa. 249], 478 A.2d [1279,] 1283 [(1984)] (internal quotation marks omitted). In fact, even if appeals of adjudications expressly were not permitted, the Local- Agency Law would nevertheless apply and provide a right to appeal.
Bray, 114 A.3d at 454 (emphasis added).

. Similarly, the replacement of the statutory provision mandating municipal approval absent evidence of community harm with the current provision that permits the Township to approve or deny the license transfer request does not change the nature of the municipal decision itself,

. Prior to the amendment, a municipality's decision could be appealed pursuant to the Liquor Code under former Section 461 (b,3) of the Liquor Code. It follows, then, that the matter being appealed -was .an adjudication, as recognized in SSEN, Inc, Notably, the Liquor Code still requires at least one public hearing and a decision by ordinance or resolution.
In an analogous context, "when [a] city council passes a resolution approvirig a conditional use application, [the] council is acting in its administrative, not its legislative, capacity, and such a resolution is an adjudication for purposes of appeal.” City Council of City of Pittsburgh v. City of Pittsburgh, 155 Pa. Cmwlth. 328, 625 A.2d 138, 141 n.2 (1993).

. The dissent ignores this Liquor Code provision when it states, "I do not see how [the] Township’s decision to deny the intermunici-pal transfer in this matter ‘affect[ed]' a personal or property right, privilege, immunity, duty, liability, or obligation of Giant,” Dissenting Op. at 264 (quoting 2 Pa. C.S. § 101). Here, Giant entered into a contract to purchase the License. Pursuant to Section 468 of the Liquor Code, the License is property as between the licensee and Giant.

. Black's Law-Dictionary defines "contract” as ‘[a]n agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law[.]” Black’s Law Dictionary 365 (9th ed. 2009) (emphasis added).

. The dissent claims that "Giant acquired only that which the law recognizes — i.e„ a restaurant liquor license in Tredyffrin Township. Penn Township’s decision denying the request to transfer did not in any way adversely affect that property right.” Dissenting Op. at 265. Although the dissent focuses on the License's current location in Tredyffrin Township, the PLCB approves and issues liquor licenses by county which licenses may be transferred within a municipality with PLCB approval, and may also be transferred between the county's municipalities with municipal approval. See 47 P.S. § 4-468; 47 P.S. § 4-461(b,3). Where municipal approval is denied, the property right is affected, despite that the license may theoretically be used elsewhere and, thus, is not rendered entirely valueless. Prior to the Township’s decision, the License had the potential to be transferred anywhere within the county. After the Township's decision, the area for its possible use has been diminished. Hence, the License Is affected.

. The dissent claims that the uncertainty of the necessary municipal approval undor-mines any legitímate claim to the License and, accordingly, demonstrates that no property interest exists. However, even the necessary approvals in SSEN would seem to similarly relegate the SSEN applicant to the status of having " 'an abstract need or desire for’ the transfer of the [License.]” Dissenting Op. at 265 (quoting Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Notwithstanding, this Court concluded that the municipality's decision was an adjudication.

.The dissent charges that "[b]y relying on and applying SSEN, decided under the pre-amendment version of Section 461(b.3) [of the Liquor Code], the majority tacitly, and ... improperly, dismisses the General Assembly’s subsequent legislative action as a nonevent.” Dissenting Op. at 265. The dissent is incorrect. Herein, the majority specifically examined amended Section 461(b,3) of the Liquor Code, and reviewed SSEN to determine the applicability of the Local Agency Law which expressly permits appeals thereunder even where another statute explicitly prohibits appeals.

. "Section 464 [of the Liquor Code], by its own terms, does not apply to local agency decisions, and was not amended to include appeals from local agency decisions within its purview.” SSEN, Inc., 810 A.2d at 206.

. The dissent states that the amendment to Section 461(b,3) of the Liquor Code represents the General Assembly’s "clear in-tension] to reserve to local municipalities and their elected officials the exclusive right to either accept or reject intermunicipal transfers of liquor licenses above their allotted quota as they see fit, so long as the statutory process is followed.” Dissenting Op. at 264. The majority agrees that the statute reflects the General Assembly’s intention that local government should decide this local issue. However, the General Assembly also promulgated the Local Agency Law which provides for review even where a statute denies a right to appeal. Thus, the General Assembly clearly intended that local agency adjudications may not remain isolated and insulated from any review, especially where such decisions may be improperly impacted by abuses of discretion or motivated by unlawful discrimination.
We are aware that a discriminatory municipal decision may be attacked collaterally in an action under Section 1983 of Title 42 of the United States Code. We cannot presume that the General Assembly intended that to be the only manner to ensure a municipality’s compliance with the law when rendering a decision on an intermunicipal liquor license transfer.

. The dissent maintains that the amendment of Section 461(b.3) of the Liquor Code "removed any language that purported to create any right to a favorable decision and removed all standards against which a court could review an adverse decision for legality.” Dissenting Op. at 265. Based on that premise, the dissent concludes that such municipal decisions are no longer adjudications. However, such a conclusion is inconsistent with our Supreme Court’s decision in Maritime Management. There, the Court specifically allowed an appeal under the Administrative Agency Law from a PLCB denial of a public service liquor license application, despite the relevant Liquor Code section permitting the PLCB, without specified standards, to " ‘in its discretion, grant or refuse the license applied for' ” and expressly prohibiting an appeal from that decision. Id. at 203 (quoting 47 P.S. § 4-408(b)). The dissent does not explain how, in any relevant manner, the PLCB’s decision in Maritime Management differs from the Township's decision herein. In fact, the dissent does not even acknowledge our Supreme Court’s decision in Maritime Management, wherein the Court treated the decision as an adjudication.

.This Opinion is consistent with our Supreme Court's recent decision in Pittman v. Pennsylvania Board of Probation & Parole, 159 A,3d 466 (Pa. 2017), wherein, the Court expressed its strong skepticism of statutory interpretation which denies appellate review of an administrative body’s decision, even where the administrative body exercises the "broadest of discretion[.]” Id. at 474, The Pennsylvania Board of Probation & Parole (PBPP) argued that "the [PBPP] has broad discretion in deciding whether to grant a [convicted parole violator]- credit; there are no standards by which an appellate court can evaluate the [PBPP’s] exercise of discretion; and the [PBPP] is not required to provide a contemporaneous statement of reasons explaining its decision.” Id. at 473. Notwithstanding the lack of such standards, our Supreme Court held that a parolee is entitled to an explanation from the PBPP for its decision *262and. that “the General Assembly did not intend to allow the [PBPP’s] decisions .... to evade all appellate review .,., ” Id. at 474.

. Section 464 of the Liquor Code provides for hearings involving PLCB licensing deci- . sions and appeals from PLCB. actions. Section 464 of .the Liquor Code states:
The [PLCB] may of its own -motion, and shall upon the written request of any applicant for club, hotel or restaurant liquor license .., whose application for such license, renewal or transfer', or the renewal bf -an amusement permit, has been refused, fix a time and place for hearing of such application for license or for renewal or transfer thereof .,. notice of which hearing shall be mailed to the applicant at the address given in his application,. Such hearing shall be before a hearing examiner designated by the [PLCB]. At such hearing, the [PLCB] shall present its reasons for its refusal or withholding of license, renewal or transfer thereof .... The applicant may appear in person or by counsel, may cross-examine the witnesses for the [PLCB] and may -present evidence which shall likewise be subject to cross-examination by the [PLCB], Such hearing shall be stenographi-cally recorded; The hearing examiner shall thereafter report, with the examiner’s recommendation, to the [PLCB] in each case. The [PLCB] shall thereupon grant or refuse the license, renewal or transfer thereof or the renewal of an amusement permit..;. If the [PLCB] shall refuse such license, renewal or transfer or the renewal of an amusement permit, following such hearing, notice in writing of such refusal shall be mailed to the- applicant at the address given in his application.... Any applicant who has appeared at any hearing, as above provided, who is aggrieved by the refusal of the [PLCB] to issue any such license or to renew or transfer any such license or to issue or renew any amusement permit may appeal ... within twenty days from date of refusal or grant, to the court of common pleas of the county in which the premises "or permit applied for is located. If the application is for ... the intermunicipal transfer of a license, the governing body of the municipality receiving the new license or the transferred license may file an appeal of the [PLCB] decision granting the license, within twenty days of the date of the [FLCB]'s decision, to the court of common pleas ‘of the county in which the proposed premises is' located,' Such appeal 'sh'all be upon petition of the aggrieved party, who shall serve a copy thereof upon the [PLCB], whereupon a hearing shall be held upon Ac petition by the court upon ten days’ notice to the [PLCB].... The court shall hear Ae application de novo on questions of fact, administrative discretion and such other matters as are involved, at such time as it shall fix, of which notice shall be given to the [PLCB], The court shall either sustain or over-rule the action of the [PLCB] and either order or deny Ae issuance of a new license or the renewal or transfer of the license or the renewal of an amusement permit to the applicant.-
47 P.S. § 4-464 (bold and italic emphasis added).

. Certainly, as explicitly recognized in In re Thomas and in SSEN, Inc., there is no review of the municipality's decision under Section 464 of the Liquor Code.